## SID CHAPPELL v. THE STATE.

### No. 2850. Decided December 10, 1913.

#### 1.—Carrying Pistol—Sufficiency of the Evidence.

Where, upon trial of unlawfully carrying a pistol, the evidence, although conflicting, sustained the conviction, there was no error.

#### 2.—Same—Continuance—Want of Diligence.

Where the record clearly showed a lack of diligence on the part of the defendant in applying for process to secure the attendance of absent witnesses, there was no error in overruling the application. Following Giles v. State, 66 Texas Crim. Rep., 638.

#### ᵃ.—Same—Newly Discovered Evidence.

Where the proposed newly discovered evidence was of an impeaching character and besides, there was no diligence in discovering same, there was no error in overruling defendant's motion for new trial on that ground. Following Gray v. State, 65 Texas Crim. Rep., 204.

Appeal from the County Court of Wood. Tried below before the Hon. R. E. Bozeman.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was indicted, tried and convicted for unlawfully carrying a pistol and the jury assessed his punishment at the lowest prescribed by law,—a fine of $100.

The evidence by the State was amply sufficient to sustain the conviction. Two witnesses testified positively that appellant had on his person at the time charged a pistol. He denied this and introduced several witnesses tending to show, and who testified that he did not have a pistol on this occasion, which was amply sufficient to authorize the jury to acquit him, but this matter was for the lower court and the jury, and they, believing the State's witnesses and not his, this court can not reverse on that account.

Appellant contends that the court erred in overruling his motion for a continuance. The record shows this state of facts: The indictment against appellant was filed May 7, 1913, in the District Court. On the same day the District Court entered a proper order transferring the case to the County Court. The proper transcript was made out and filed in the County Court on May 10th. On the same day the clerk issued the proper capias, which was executed on the 12th by the sheriff arresting the appellant and his then giving bond to appear on July 7th following,—the first day of the next term of court. Appellant had no process for any witness issued until June 16th. Then he had it issued

for six witnesses.  All of these witnesses appeared and testified in the case, except two.  When the case was called on July 7th for trial he then made a motion for a continuance on account of the absence of four of said witnesses, two of them, as the record shows, afterwards appeared and testified in the case, but two did not.  The record further, without contradiction, shows that appellant and these two absent witnesses were residents of the same little town in that county and had been for a long time prior thereto and afterwards.  He knew that they were the most important witnesses he had.  His motion for continuance shows that their testimony was material.  One of these witnesses, Vester Hagler, a married man with a wife and two children, who lived in the same little town that appellant lived in and appellant knew it, left the town for Fort Worth and went to Fort Worth to his uncle's to obtain employment on June 14th, two days before appellant had his first process for this witness issued, and at the time of the trial he was still in Fort Worth and had not returned to his home; that his other witness, Eugene Weeks, who also lived in the said same little town and had for many years, left there and went to Sanger in Denton County on May 30th and remained there and was there until after this trial.  Appellant had no other process issued for these witnesses or either of them to the county of their residence, or to Denton or Tarrant County, where they had respectively gone, until the very day that his case was called for trial and was tried.

These facts affirmatively show such a clear lack of diligence on the part of appellant to in no way entitle him to a continuance on account of these witnesses or either of them.  Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 317.

Appellant has but two complaints.  One is to the overruling of the motion for continuance above discussed.  The other is his claimed newly discovered evidence.  He presents the affidavit of a witness by whom he expected to prove newly discovered evidence.  The proposed testimony would go solely to impeach one of the State's witnesses.  The record also shows no sufficient diligence to discover this testimony and does not show such diligence as is necessary to entitle him to a new trial on that account, even if the testimony had not been solely for impeachment purposes.  No error is shown by the court's overruling the motion for new trial on that account.  Gray v. State, 65 Texas Crim. Rep., 204, 144 S. W. Rep., 283.

There being no error shown, the judgment is affirmed.

*Affirmed.*