### ROSCOE C. SMITH v. THE STATE.

No. 3030.   Decided February 25, 1914.

**1.—Pandering—Sufficiency of the Evidence.**

Where, upon trial of pandering, the evidence was sufficient under a proper charge of the court to sustain the conviction, there was no reversible error.

**2.—Same—Accomplice—Charge of Court.**

Under the statute punishing pandering, it is specifically provided that the wife of the person accused and the female for whom the accused is alleged to have procured a room in a house of prostitution may testify for or against the accused, and there was no error in the court's failure to charge on accomplice testimony where such female testified against the defendant.

**3.—Same—Charge of Court—General Reputation.**

Where, upon trial of pandering, there was other ample evidence in addition to the general reputation of the house as a house of prostitution, there was no error in refusing a requested charge that a house of prostitution can not be proven to be such by mere reputation, the court submitting a correct charge applicable to the evidence.

**4.—Same—Charge of Court—Objections.**

Where the court's charge specifically required the jury to believe that the said house was a house of prostitution with the other requisites of said offense before they could convict defendant on trial of pandering, there was no error on that ground.

**5.—Same—Evidence—Bills of Exception.**

In the absence of a bill of exceptions, objections to the admission of testimony can not be considered on appeal; however, there was no error.

Appeal from the District Court of Potter. Tried below before the Hon. James N. Browning.

Appeal from a conviction of pandering; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Fletcher & Carlisle,* for appellant.—On question of accomplice: Brooks v. State, 56 S. W. Rep., 924; Bush v. State, 151 S. W. Rep., 554; Holmes v. State, 156 S. W. Rep., 1172; Cooper v. State, 154 S. W. Rep., 989.

On question of reputation of house: Ramey v. State, 45 S. W. Rep., 489.

On question of insufficiency of the evidence and charge of court: Freeman v. State, 52 Texas Crim. Rep., 500, 107 S. W. Rep., 1127; Lee v. State, 55 Texas Crim. Rep., 379, 116 S. W. Rep., 1153; Evans v. State, 55 Texas Crim. Rep., 450, 117 S. W. Rep., 167; Muhlhause v. State, 56 Texas Crim. Rep., 288, 119 S. W. Rep., 866; Stapleton v. State, 56 Texas Crim. Rep., 422, 120 S. W. Rep., 866; Wheeler v. State, 56 Texas Crim. Rep., 547, 121 S. W. Rep., 166; Harris v. State, 55 Texas Crim. Rep., 169, 117 S. W. Rep., 839; Stewart v. State, 51 Texas Crim. Rep., 223, 101 S. W. Rep., 800; Henderson v. State, 51 Texas Crim. Rep., 193, 101 S. W. Rep., 245; Moody v. State, 52 Texas Crim. Rep., 232, 105 S. W. Rep., 1127.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of the offense of pandering and his punishment fixed at the lowest prescribed by law.

The indictment had eight counts. The court submitted only the 8th excluding all others. It charged, in accordance with the statute, that on August 20, 1913, appellant did unlawfully and wilfully procure, and attempt to procure, and was concerned in procuring, Nora Kelley, a female person, to become and be an inmate of a house of ill fame and prostitution in said county, in which said house prostitutes and lewd women were permitted to resort and reside for the purpose of plying their vocation as prostitutes.

The evidence, without reciting it, was clearly sufficient to establish appellant's guilt.

The said woman, Nora Kelley, whom appellant is alleged to have procured as an inmate of said house testified. The appellant claimed that she was an accomplice under the law and asked the court to so charge and to charge that she had to be corroborated. The court refused to charge on the subject. This court has already passed upon that question in the case of Jones v. State, from Wichita County, and therein held: "Does the statute defining this offense (pandering) and

stating who are competent witnesses, take these witnesses out of the general rule as to accomplices testimony as in gambling, and other cases? We think so. Under the law of our State an accomplice can not testify for a codefendant, while in this law it is specifically provided that the wife of the person accused may testify and the female for whom the accused is alleged to have procured a room in a house of prostitution may 'testify for or against the accused.' This clearly evidences the intention of the Legislature not to bring such witnesses within the rule governing accomplice testimony." So that the court did not err as claimed by appellant.

Appellant complains that the court refused to give this charge requested by him: "A house of prostitution can not be proven to be such by mere reputation, but other evidence must be offered." The court correctly refused this charge. It is true that no person can be convicted for keeping a given house as a house of prostitution solely by reputation. There was ample other evidence in addition to the general reputation of the house in this case to show that it was a house of prostitution in connection with the testimony of its general reputation. The court correctly submitted the question to the jury. It would have been improper for the court to have singled out this evidence and given the charge requested. The court affirmatively charged, in submitting the case to the jury for a finding, that the jury must believe beyond a reasonable doubt that appellant caused said female, Nora Kelley, to become an inmate of a house of ill fame and prostitution with the other requisites of said offense before they could convict appellant. The court in the charge also correctly told the jury what was a house of prostitution, or a house of ill fame, to which there is no objection by appellant.

Appellant made this general objection to the court's charge, towit: "The defendant comes now and excepts to the court's general charge because the same nowhere affirmatively charges the jury that they must find, beyond a reasonable doubt, that the house of Mrs. Watson was a house of prostitution before they can convict the defendant." As stated above, the court's charge did specifically require the jury to believe that said house was a house of prostitution with the other requisites of said offense before they could convict appellant, and, in addition, charged: "Or, if you believe from the evidence that the house kept by Mrs. Watson, where he procured a room for said Nora Kelley, was not a house of ill fame or prostitution and that prostitutes and lewd women were not permitted to resort to or reside therein for the purpose of plying their vocation as prostitutes, then you will acquit the defendant and say by your verdict not guilty." And in addition charged that the burden of proof was on the State, and also charged the reasonable doubt· in appellant's favor.

In appellant's motion for a new trial he complains that the court permitted certain testimony about certain other occupants of said house, but the point is not reserved by any bill of exceptions and can not be

considered in the absence of a bill. However, even if it had been preserved by a bill the evidence was admissible.

No error is pointed out and the judgment will be affirmed.

*Affirmed.*