### DOC PLATTENBURG V. THE STATE.

No. 10819.    Delivered April 6, 1927.

Rehearing denied May 25, 1927.

1.—**Sale of Intoxicating Liquor—Bill of Exception—Incomplete—No Error Presented.**

Where a bill of exception appears to be a motion by appellant to place his co-defendant, Williams, first on trial, and does not appear to have been presented to, or acted on by the trial court, and no exception appears to have been reserved relative to it, if the court did act on it, such bill presents no matter that can be reviewed on appeal.

2.—**Same—Bills of Exception—Incomplete—No Error Presented.**

Where appellant's bills of exception complain because objections were sustained to questions asked by his attorney, and testimony of a witness

which was objected to and the bills do not state the answer expected, or answer elicited, nothing is presented in such bills to be passed upon.

**3.—Same—Misconduct of Jury—Not Shown.**

Where appellant complains in his motion for a new trial of misconduct of the jury, and on the hearing it was disclosed only that some of the jurors in discussing the case expressed their opinion that the appellant was a bootlegger, under the facts proven, there was nothing improper shown, the jurors being justified in expressing the opinion complained of.

ON REHEARING.

**4.—Same—Evidence—Held Sufficient.**

Appellant's contention that the evidence established that he was the agent of Thornton, the purchaser of the whiskey, and not of the seller, cannot be sustained. The whiskey was delivered to Thornton by appellant, and two other witnesses overheard the conversation between appellant and Thornton, and their testimony supports the state's theory. No error appearing, the motion for rehearing is overruled.

Appeal from the District Court of Walker County. Tried below before the Hon. Carl T. Harper, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*R. T. Burns, A. T. McKinney* and *M. E. Gates,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor to one Thornton, punishment is one year in the penitentiary.

What is called in the record bill of exception No. 1 is only a motion to put one Williams on trial first. If it was ever presented to or acted on by the court the record does not show it. No exception appears to have been reserved relative to it if the court did act on it.

Bills Nos. 3, 4 and 5 are insufficient. Two of them complain because objections were sustained to questions asked by appellant's attorney, but fail to state what answer was expected, and the other complains because the court permitted answer to a question to which appellant objected, but which likewise omits to set out the answer elicited.

Another bill complains that the jury received additional evidence after they retired to consider their verdict. The matter

particularly complained of is that someone of the jurors said "it was not the first time appellant had sold whiskey and that it would not be the last time if they turned him loose," and that this same juror or another said appellant was "a bootlegger and if the jury turned him loose he would sell whiskey again before night," or something to that effect. Eight of the jurors were examined upon the hearing of the motion for new trial. It appears from their testimony that the jurors who used the expressions complained of were not acquainted with and had no previous knowledge of appellant. Only one man serving upon the jury knew appellant at all. After several of the jurors expressed their opinion that appellant was a bootlegger this juror said he had been knowing appellant a good long while, that he might be a bootlegger but if so he (the juror) did not know it. It is perfectly clear from the testimony that the jurors were not stating a fact or even expressing an opinion based upon any previous knowledge they had with reference to appellant, but only stating their conclusions which could be fairly drawn from the evidence. Thornton, the party to whom appellant is alleged to have sold the whiskey, testified that appellant approached him and asked him if he was looking for some whiskey and told witness that he (appellant) would "hustle" some for him; that appellant went away and brought a quart of whiskey back, which witness bought. Upon further cross-examination the witness stated that he had been down by the "stock pen five or ten minutes, just a few minutes, there I met the defendant, Doc Plattenburg. He walked up to me and said that he heard that I was wanting some whiskey. No, sir, I was not down there inquiring and asking different people to get me some whiskey. I don't know how he heard that, or where he got the information. I don't know who told him. Yes, sir, the truth is that I was there trying to buy liquor."

From the conduct of appellant the jurors were justified in expressing the opinion complained of.. The same could not be characterized as a statement of a new fact not in evidence.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant challenges the sufficiency of the evidence, claiming that his relation with the transaction was one of agent for the purchaser and that he was neither a seller nor an agent of the seller. These questions were submitted to the jury in an unobjectionable way, and the

state's evidence supports the verdict.  The witness Thornton testified that he bought a quart of whiskey from the appellant and paid him three dollars for it.  According to the witness, he was approached by the appellant and asked if he was looking for whiskey.  Receiving an affirmative answer, appellant said that he would get it.  The appellant then got a quart of whiskey and brought it to the witness, for which he received three dollars. The appellant claimed to have procured the whiskey from Walker for Thornton.  Two other witnesses, the sheriff and his deputy, overheard a conversation between the appellant and Thornton, and their testimony supports the state's theory.

The other questions raised in the motion were discussed in the original opinion, and in our opinion, the proper disposition of them was there made.

The motion is overruled.                                   *Overruled.*