SAMUEL WOOLSTON v. THE STATE.

No. 12020. Delivered December 19, 1928.
Rehearing denied March 6, 1929.

The opinion states the case.

*White, Wilcox & Taylor, Robert M. Turpin* and *Hy. Byrd,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property of the value of five dollars; the punishment a fine of two hundred dollars.

The sufficiency of the evidence is challenged. Appellant had worked for Mr. Bozeman, proprietor of the Pecos Drug Company. His employment was terminated December 15th, and a few days before Christmas he opened a drug store of his own. After appellant terminated his connection with Pecos Drug Company, Mr. Bozeman missed about seven hundred dollars worth of merchandise, including post cards manufactured on his special order. The cards had printed on them: "The Albertype Company, Brooklyn, N. Y.—Published by Pecos Drug Company, the Rexall Store, Pecos, Texas." The pictures from which the cards had been made had been taken in Pecos at the instance of Mr. Bozeman and sent to New York. The Albertype Company had made post cards of the kind described for no one except Mr. Bozeman. Approximately a month after appellant left Pecos Drug Company, his (appellant's) store was searched and about two hundred post cards bearing the marks of identification already described were found. At the time the cards were discovered, appellant first stated that he got them in Houston. He was asked for the invoice and failed to produce one. He then stated that he did not know how the cards got in his store. Mr. Bozeman identified the cards as being his property. He also found other property in appellant's store which he stated belonged to him. Appellant testified that he bought his stock of goods from one Lowry Munson of Houston, who delivered the stock in a truck. Appellant had issued no subpoena for Munson. He stated that he did not think it was necessary.

We deem the evidence sufficient to support the conviction.

It is urged that the argument of the special prosecutor should call for a reversal. We quote the argument complained of as follows:

"This is not a small matter; it was a six or seven hundred dollar theft; but this is the route we have got to pursue. It is not a small matter when a man comes into this community and takes six or seven hundred dollars from you."

Appellant's objections were that the remarks "were contrary to the evidence, highly improper, inflammatory and prejudicial." Nothing in verification of the truth of appellant's objections is shown in the bill, and we must indulge the legal presumption that the trial court was correct in refusing to instruct the jury to disregard the remarks. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Penal Code, Section 209. Buchanan v. State, 298 S. W. 569.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The motion for rehearing is so general in its terms that it does not demand a review of any matters therein referred to save two questions elaborated in the written argument in connection with the motion.

Appellant adroitly and forcibly argues that the conviction can not be sustained because the evidence is insufficient to establish that the post cards described in the indictment were ever stolen from their alleged owner. The indictment alleges the theft of said cards only. In determining this question all the evidence may be looked to, not only that relating to the post cards but also the evidence showing the presence in appellant's store of other identified articles belonging to Mr. Bozeman which had been missed from the latter's store. After having again carefully reviewed the entire statement of facts no doubt as to the sufficiency of the evidence arises.

The instructions to the jury authorized a conviction if they believed beyond a reasonable doubt that appellant took "corporeal personal property" of the value of five dollars. It is urged here for the first time that such instruction was fundamentally erroneous because the evidence indicated that appellant took property other than the

post cards which was the only property described in the indictment, and that the instructions permitted a conviction for the taking of property for the theft of which appellant was not charged. It may be admitted that the charge was erroneous. It should have made a conviction depend on a finding by the jury that appellant took the property described in the indictment. If the charge had been objected to as required by Art. 658 C. C. P. the trial court doubtless would have corrected it. There being evidence upon which the jury could predicate a finding that the post cards had been stolen precludes a reversal in view of Article 666 C. C. P.

The motion for rehearing is overruled.

*Overruled.*