G. C. BUTLER AND EMMETT A. JONES v. THE STATE.

No. 13234.  Delivered January 7, 1931.

The opinion states the case.

Murchison & Davis, of Haskell, F. L. Kuykendall, and Bouldin & Bouldin, all of Albany, and McLean, Scott & Sayers, of Fort Worth, for appellants.

Thomas L. Blanton, of Abilene, and Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is swindling, a felony; the punishment, confinement in the penitentiary for two years.

J. C. Raymond v. the State, 116 Texas Crim. Rep., 595, 33 S. W. (2d) 192, delivered October 8, 1930, deals with a companion case. Appellants and Raymond were jointly indicted by the grand jury of Shackelford County. After severance, Raymond was tried and convicted. Thereafter appellants were jointly tried in Taylor County, the court having entered an order changing the venue. The witnesses testifying in Raymond's case gave substantially the same testimony on the trial of appellants. See Raymond v. State, supra.

Appellants Jones and Butler each filed an application for a severance. In the order denying the application it is recited ·that appellants had heretofore filed an application for a severance in Shackelford County, wherein they had requested that their co-defendant J. C. Raymond be first tried before they (appellants) were required to face a jury; that a severance having been ordered, J. C. Raymond was tried; that thereafter an order changing the venue to Taylor County was entered in the present case. The order further recites that appellants requested that they be tried jointly after the case against Raymond had been tried. We deem it unnecessary to decide whether the action of the court was erroneous, as appellants reserved no exception. This they were required to do if they desired to have the trial judge's action reviewed by this court. Plattenburg v. State, 107 Texas Crim. Rep., 43, 294 S. W., 549.

It appears from bill ·of exception No. 5 that one Heintz had been employed by appellants as an engineer. On several occasions he had drafted contracts for his employers. Prior to removing to Texas, Heintz had practiced law, and, although he had not obtained a license to practice in Texas, he at times engaged in the practice with an attorney in Dallas. Upon being called by the State to testify as to a communication made to him by appellant Jones, appellants sought to invoke the provisions of

Article 713, C. C. P., to the effect that an attorney at law shall not disclose communications made to him by his client during the existence of that relationship, nor disclose any other fact coming to his knowledge by reason of such relationship. Touching his relationship to the parties, the witness testified, in the absence of the jury, that he had not at any time been employed by appellants to represent them as a lawyer; that he had been employed as an expert gas engineer to perfect a Neon gas bulb; that he had no license to practice law in Texas; that the relationship of attorney and client had not existed between him and appellants at any time. He related the fact that he had drawn some legal instruments for appellant Jones and that he had voluntarily suggested to Jones that he appear before the grand jury when the investigation out of which the prosecution arose was under way. It appeared that the contracts drawn by the witness were unrelated to the transaction upon which the prosecution was based. In short, the testimony of the witness was sufficient to support the conclusion that the relationship of attorney and client had never existed between him and appellants and further that he was employed solely as an engineer. Appellant Jones admitted that the witness had been employed as an engineer, but declared that he had paid him fees for legal services rendered in connection with matters related to the prosecution. It is the rule that to render the communication inadmissible it must have been made to the attorney acting for the time being in the character of legal adviser. Walker v. State, 19 Texas App., 176. Giving recognition to the rule, its application would necessitate the rejection by this court of the testimony of the witness touching his relationship to the parties, as such testimony was in direct conflict with the statement of appellant Jones. It is beyond the province of this court to determine which version of the matter was true. The conclusion that the statute had no application was supported by the testimony of Heintz.

In his opening argument, the district attorney used language as follows: "Jones tells you he thought he had a charter for the General Neon Sign Corporation because he had told Beverly Thompson to get him the charter. Yet when we brought the said attorney, Beverly Thompson, before this jury to have Thompson tell you the truth about this charter, Jones and his attorneys objected to his telling you about it and we were not permitted to hear him testify."

Appellants objected to the argument on the ground that it referred to a matter not of record, that it was prejudicial, and not in rebuttal of anything argued by appellants' counsel, and was the unsworn testimony of the district attorney. The court overruled the objection and declined to withdraw the argument from the jury. While on the witness stand appellant Jones testified, without objection, to the following: "I saw Beverly Thompson put on the stand here in front of this jury. I did not object to his testimony. I do not know that you can not put Beverly

Thompson on the stand unless my attorneys agree to it. I do not know from what has occurred in the court room that you can't do it except by my counsel's permission. I do not know that yet."

We do not understand that the argument of the district attorney was tantamount to a statement that Thompson would have testified to a state of facts contradictory to the testimony of appellant Jones. The effect of the statement was to call the attention of the jury to the fact that appellants' counsel had objected when Thompson was placed on the stand. The jury knew this fact. The objection was made in their presence and hearing. The district attorney did not tell the jury what Thompson's testimony would have been. He merely stated that he was brought to the stand for the purpose of telling the truth about the charter. It is not shown in the bill of exception that appellant Jones' opinion that he had a charter for the General Neon Sign Corporation was a circumstance favorable to appellants, or had material bearing on any issue to be solved by the jury. The opinion is expressed that the bill fails to reflect reversible error.

As we understand the record and appellants' brief, the questions hereinbefore discussed present the only matters not decided in Raymond v. State, supra. Our examination of appellants' contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.