Ray Dodgen v. The State.

No. 14948.   Delivered April 20, 1932.

The opinion states the case.

*Gordon O. McGehee,* of Houston, *Mark M. Carter,* of Goose Creek, and *Albert Stein,* of Houston, for appellant.

*O'Brien Stevens,* Crim. Dist. Atty, and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, Judge.—The offense, robbery by assault; the punishment, confinement in the penitentiary for fifteen years.

The appellant, together with one Marian Miller, were jointly indicted for robbery by assault. A severance was granted in said case and the appellant, Ray Dodgen, went to trial.

The robbery was alleged to have been of one S. Coyle, who testified upon the trial of the case in part as follows: That he knew both the appellant, Ray Dodgen, and his co-defendant, Marian Miller; that on April 4, 1931, in the afternoon, he saw the appellant at the pool hall in Baytown and had a conversation with him, and he and the person who was with him, W. B. Spivey, went to the house where the appellant and Marian Miller lived to get some beer. He further testified that he had about $45 or $55 with him and he knew that Marian Miller knew that he had the money because she saw it while he was at her house; that when he left the house he went back to Baytown and ate supper, and then went back again to the house of Marian Miller and stayed there about thirty or forty minutes. From there he went to Arcadia Dance Hall, which was situated between her home and Houston, or about twelve or fifteen miles from Baytown on the Houston road. That the dance broke up about twelve o'clock and while he was at the dance hall he had not seen Marian Miller, but when he left the dance hall and got to his car the said Marian Miller came up to his car and wanted him to take her home; that he consented to do so and they started away in company with W. B. Spivey and a girl; that when they got down the road a couple of miles the said Marian Miller insisted on turning off the road, and she told him that she wanted to drive off to the side of the road so that she could have intercourse with him, and he finally consented, and drove off to the side of the road about seventy-five feet and stopped, and the said Marian Miller told him to wait a minute while she smoked a cigarette and he got out of the car and walked in front of the car. That when he did so, the appellant ran up with a gun and said, "Stick 'em up," and at the same time struck the witness over the head with a pistol and knocked him down, and when he tried to get up and grappel with the appellant he hit him again with his pistol, jumped on top of him and kicked him in the side, and then took his money away from him; that there was another man with the appellant at the time who also was armed with a pistol. He testified further that the other man robbed Spivey; that he first recognized the appellant by his voice; that he had a handker-

chief over his face but that during the time the appellant was robbing him, the handkerchief dropped down below his nose and he recognized him as the appellant, Ray Dodgen. After the appellant and the other man had left, they went to his car but couldn't start it because of the fact that his keys had been removed; they then walked to the public road and got a car that was passing to take them to town where his wounds on his head were attended to by a doctor. As to what occurred and in the identity of the appellant as being the person who robbed the said Coyle, he was corroborated by W. B. Spivey, the party who was with him at the time.

The appellant did not testify in the case, but offered evidence seeking to establish an alibi and also proof seeking to establish the fact that the state's witness Coyle, and Spivey had been drinking and were under the influence of intoxicating liquor while at the dance hall.

Bills of exception Nos. 2, 3, 4, 6, and 7, wherein objection is made to testimony admitted, all show that the appellant's objection to the questions propounded by the state to witnesses were made after the answers of the witnesses were given. No motion to strike out said answers was made nor is any reason assigned why the objection was made after the answer was given. Bills of exception in this condition are held by this court to present no error. See Johnson v. State, 90 Texas Crim. Rep., 229, 234 S. W., 891.

By bill of exception No. 5, appellant complains of the action of the trial court in sustaining the state's objection to testimony sought to be elicited from the witness S. Coyle on cross-examination by appellant's counsel. The bill shows that said Coyle had testified that he knew where he could get some beer at the time he asked the appellant where he could get some beer, but stated that he wanted to try some new beer, and was then asked if he knew various places down there where he could get beer and whether or not he got it often. The state objected to said question as being immaterial, which objection was sustained by the court. This bill is insufficient because it fails to state what the witness would have answered had he been permitted to do so. Plattenburg v. State, 107 Texas Crim. Rep., 43, 294 S. W., 549; Davis v. State, 111 Texas Crim. Rep., 476, 14 S. W. (2d) 842.

By bill of exception No. 9, appellant brings forward his objection to paragraph 3 of the court's main charge, which charge is as follows: "Any defendant in a criminal action is permitted by law to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to nor commented on by the jury, and you must not refer to, mention, comment on, or discuss the failure of the defendant to testify in this case, and any juror doing so would be guilty of contempt of court; and if any juror

starts to mention the defendant's failure to testify in this case, it is the duty of the other jurors to stop him at once."

This paragraph of the court's charge was excepted to upon numerous grounds, among them because it was calculated to lead the jury to believe that it was the duty of the defendant to take the witness stand in his own behalf; because said charge as written threatens the jury to hold them guilty of contempt of court and tended to suppress the jury testifying on a motion for new trial; and because the charge as given is not in compliance with the provisions of article 710 of the C. C. P. As we understand the bill, the part of said charge specifically objected to was that the charge instructed the jury that any juror who argued or commented on the fact of the failure of the defendant to testify would be guilty of contempt of court, and if any juror started to mention defendant's failure to testify it was the duty of the other jurors to stop him at once. No authorities are cited by appellant to sustain said contention. There is no claim that any discussion of defendant's failure to testify was indulged in by the jury, nor is there any showing made that any attempt was made to find out as to whether or not the jury did discuss the failure of the defendant to testify, and that they refused to furnish said information because of said charge. As presented, the opinion is expressed that the bill reflects no reversible error. See Villereal v. State (Texas Crim. App.), 61 S. W., 715.

By bill of exception No. 10, appellant complains that the attorney for the prosecution, in his closing argument to the jury, made the following statement: "You know, gentlemen of the jury, that Marian Miller was running this house of prostitution for the defendant, Ray Dodgen." To this remark, the appellant, through his attorney, excepted as being inflammatory and not supported by the evidence and an attack upon defendant's character and reputation when such issue had not been placed in evidence by the defendant, and requested the court to instruct the jury not to consider said argument, which request was refused by the court. The bill of exception complaining of this argument wholly fails to set out any facts which would make clear to us that the argument was uncalled for and injurious. It is not enough merely to set out the argument or remark complained of without anything more. The bill should show the connection in which the language was used, and set out so much of the surrounding circumstances and such pertinent facts as may be necessary to enable this court to determine whether error had been committed, and, if so, whether it is such as would authorize a reversal. The bill must demonstrate that the facts which form the basis of the objection are true. See Scott v. State, 101 Texas Crim. Rep., 598, 276 S. W., 283; Salinas v. State, 113 Texas Crim. Rep., 142, 18 S. W. (2d) 663; Wolston v. State, 112 Texas Crim. Rep., 74, 13 S. W. (2d) 864; Rutherford v. State, 102 Texas Crim. Rep., 310, 277 S. W., 669.

Bills of exception Nos. 11, 12, 13, 14, and 15 complain of testimony

admitted on the hearing of the motion for new trial. None of said bills are objections to evidence admitted on the trial. We have carefully examined said bills and do not believe that any of them present reversible error.

It is conceived that it is not the province of a bill of exception to bring forward the complaint of the reception of evidence by the trial judge on the hearing of the motion for new trial. If evidence was offered by the accused on the motion for new trial, which was rejected by the court, a bill of exception might be available to bring the complaint of the ruling before the court on appeal. The evidence received, being in the motion, would be in a condition to be considered or rejected by the court on appeal without the necessity of a bill of exception, and without encumbering the record with the exceptions to matters that were before the court and not before the jury.

Bill of exception No. 16 complains that the court committed reversible error in not granting appellant's motion for a new trial in this case, among other things, because of newly discovered evidence. The newly discovered evidence, as it appears from the affidavits attached to said motion, seems to be that on the night of the alleged robbery, about 1:30 or 2:00 a. m., the state's witness, S. Coyle, who was alleged to have been robbed by the appellant, came to the Montana Cafe and there, in the presence of R. T. Bars, Morris Stelly, Sidney Moody, and Jack Pearson, identified the said R. T. Bars as being the person who hit him with a gun and robbed him of his money a few hours prior thereto. The state controverted said motion for new trial and filed in support thereof the affidavits of the witnesses S. Coyle and W. B. Spivey denying the fact that the witness S. Coyle had made the statement as shown by the affidavits attached to the appellant's motion for new trial. The court heard evidence on the motion for new trial and overruled the motion.

The finding or recitals of the trial judge in overruling the motion for new trial make it evident that his action was justified for the reason that there was a lack of diligence to secure the new evidence, and for the additional reason that the alleged new evidence if before the jury would not have changed the result.

It appears from the testimony before the court that two of the persons who made the affidavits in regard to the statement of the witness S. Coyle had been subpoenaed by appellant's co-defendant, Marian Miller, and were present at the trial of appellant and were placed under the rule. It does not appear that appellant or his counsel at any time asked the witnesses what they knew about appellant's case. In the light of all the testimony heard by the trial judge and the facts proven on the trial, we are not prepared to hold that the trial judge did not correctly hold that proper diligence was not shown and that the court's finding of the alleged newly discovered evidence was not probably true.

In section 198, Branch's Ann. P. C., it is said: "In addition to set-

550

ting forth the facts in which the new testimony consists, the defendant must satisfy the court that the new testimony has come to his knowledge since the trial, and that it was not owing to the want of due diligence that it was not discovered sooner." See Milam v. State, 66 Texas Crim. Rep., 249, 146 S. W., 185; Chappel v. State, 72 Texas Crim. Rep., 191, 161 S. W., 964.

We quote the rule from Branch's Ann. Penal Code, sec. 200, as follows: "Where it clearly appears that the newly discovered testimony is not probably true, either by reason of the facts proven at the trial or by the controverting affidavits on the motion, or otherwise, a new trial sought on that ground is properly denied." See Smith v. State, 73 Texas Crim. Rep., 129, 164 S. W., 825; Wilkerson v. State (Texas Crim. App.), 57 S. W., 956; Boyce v. State, 62 Texas Crim. Rep., 374, 137 S. W., 116.

Appellant, also, by bill of exception complains of the sufficiency of the evidence to support the conviction. We are of the opinion that the testimony offered by the state, if believed, clearly sustains the conviction.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.