W. A. TERRY V. STATE

No. 32,882. February 1, 1961

*Aubrey H. Poole,* Houston, for appellant.

*Dan Walton,* District Attorney, *Carl E. F. Dally, F. Lee Duggan, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge

The offense is driving while intoxicated, a felony; the punishment, six months in jail and a fine of $500.00.

The witness Boswell testified that, while he was driving a gasoline tank truck and while halted at an intersection in obedience to a red light, an automobile ran into the rear of his truck; that he immediately went to investigate and found appellant seated in the driver's seat of the automobile which had collided with him. He stated that he observed a number of open beer bottles on the floorboard of appellant's automobile, that appellant had blood on his face, and, from his observation of appellant, expressed the opinion that he was intoxicated.

Accident investigator Allison testified that when he arrived at the scene appellant was being loaded into an ambulance, that he later went to the hospital where he talked to appellant who was lying on a stretcher in the hall, that appellant admitted he had been the driver of the automobile involved in the collision and consented in writing to the taking of a blood test. He stated that appellant's speech was slurred, that there was a strong odor of alcohol on his breath, and expressed the opinion that he was intoxicated, but that in his opinion, from talking with appellant, he appeared to understand the written consent to the taking of a blood sample which he read to appellant and which appellant read himself, and that a specimen of appellant's blood was taken.

Toxicologist Metz testified that an examination of the specimen of appellant's blood showed that it contained .165 percent of alcohol, which, according to standards set by the American Medical Association and the National Safety Council, indicated intoxication.

The prior misdemeanor conviction was established, and the plea of guilty judgment in said cause was introduced.

Appellant's brother-in-law testified in his behalf and stated

that appellant and his wife had visited in his house on the afternoon prior to the collision, that he and appellant had drunk eight bottles of beer between themselves, but that appellant was not intoxicated when he left.

Appellant's wife testified that appellant had "several beers" on the afternoon in question and that he ran into the tank truck because he did not see it, but that appellant was not intoxicated and did not appear "in his normal rational state of mind" while at the hospital. She testified further that she was with appellant when he was arrested at 4:00 A.M. in Sweetwater for the prior misdemeanor conviction of driving while intoxicated and that she paid the sheriff the fine at 2:00 P.M. on that same day, and that insofar as she knew appellant had not gone before a magistrate to enter a plea in such case.

Appellant, testifying in his own behalf, admitted drinking beer at his brother-in-law's house during the afternoon prior to the collision and stated that he did not remember leaving the house, the collision or anything that occurred at the hospital. He testified further that he did not appear before a judge in the prior misdemeanor conviction in Sweetwater.

We shall discuss the question raised by brief and in argument.

He first contends that the court erred in limiting him in his redirect examination of Mrs. Terry. She had testified without objection that she had paid a fine for being drunk on the occasion in question. On redirect, she testified fully concerning her arrest, and we have been unable to find in the record any occasion in which the careful trial court improperly limited the examination or commented upon the weight of the evidence.

He next contends that the court erred in failing to grant his motion for new trial based upon newly discovered evidence. The two items of evidence which he tendered were in existence prior to the time of trial and were cumulative of the evidence adduced at the trial and were therefore not such newly discovered evidence as to call for a new trial. Lopez v. State, 161 Tex. Cr. Rep. 601, 280 S.W. 2d 270; Harper v. State, 163 Tex. Cr. Rep. 361, 291 S.W. 2d 950, and cases there cited. See also Branch's Ann. P.C., 2nd Ed., Sec. 225, p. 258.

The court instructed the jury to acquit for the felony offense if they had a reasonable doubt as to appellant having appeared before the court to enter a plea in the prior misdemeanor convic-

tion and not to consider the evidence as to the results of the blood test if they had a reasonable doubt that he consented to the taking of the same.

We find the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.