**Jorge MALDONADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41123.**

Court of Criminal Appeals of Texas.

March 20, 1968.

Brown, Daniels & Davila, by Frank Davila, II, San Antonio, on appeal only, for appellant.

James E. Barlow, Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for murder; the punishment, life.

Two grounds of error are urged by appellant in his amended brief filed with the clerk of the trial court.

In his first ground, appellant insists that the court erred in admitting the testimony of Attorney Fred Semaan regarding a telephone conversation between him and Mr. Semaan because an attorney-client relationship existed between them and the telephone conversation with his attorney was privileged, under the provisions of Arts. 38.06 and 38.10, Vernon's Ann.C.C.P.

Appellant filed a motion to suppress certain evidence, including the testimony of Attorney Semaan relative to the telephone conversation, on the ground that an attorney-client relationship existed between them and such conversation was privileged.

At the hearing on the motion to suppress, it was shown that within a few days after the death of the deceased and before March 1, 1966, Attorney Fred Semaan, of the San Antonio Bar, began representing Eudocio B. Trevino, who was a suspect in the case. Trevino was the appellant's uncle.

On March 1, 1966, appellant called Attorney Semaan in San Antonio, collect, by long distance telephone, from Monterrey, Mexico, and the two had a conversation pertaining to the death of the deceased. In the conversation appellant told Semaan that he called because Trevino (his uncle) told him to and that he had read in the paper about Montgomery (the deceased). When Semaan asked, "Did you have anything to do with it," appellant said, " 'They have nothing on me, only that a button was found.' " When asked if it was his button, appellant said that "he planted it to mislead." (Such statement was of an incriminating nature under the facts of the case.)

On the issue of whether an attorney-client relationship existed between the two, Semaan testified that in the telephone conversation he told appellant that he (Semaan) was representing "his [appellant's] uncle * * *" and that he reiterated this "orally and in writing" when he later saw appellant in the police station in San Antonio on March 5. He also stated that in the telephone conversation "I made it a definite point to make it clear that I was not his attorney and couldn't be, but that I was his uncle's," and told him " * * * I represented his uncle and his uncle only."

Appellant testified that on February 25 he called his uncle (Trevino) from Monterrey, Mexico, and that his uncle said "he already had a lawyer for me," and that it was Fred Semaan and gave him his telephone number. Appellant testified that it was at his uncle's suggestion that he called Attorney Semaan, and after Semaan said, " 'Well, if I am to represent you, I have to know everything,' " or " 'have to know

**648**

the facts * * *,'" they continued the conversation. Appellant swore that at the time of the conversation he believed that Semaan was his attorney and continued to believe he was until several days later when he talked to Semaan at the police station in San Antonio.

At the conclusion of the hearing, the court overruled appellant's motion to suppress and, over appellant's objection, permitted Attorney Semaan to relate the conversation in his testimony before the jury on the main trial.

 We perceive no error, as a fact issue was raised as to the existence of an attorney and client relationship between appellant and Attorney Semaan. This was a question for the trial court to decide, and his ruling will not be disturbed upon this appeal. Harris v. Daugherty, 74 Tex. 1, 11 S.W. 921; Butler v. State, 117 Tex.Cr.R. 531, 36 S.W.2d 493; McGrede v. Rembert National Bank, et al. (Tex.Civ.App.), 147 S.W.2d 580.

In his second ground of error, appellant insists that the court erred in permitting the testimony of two witnesses to be read to the jury because "there was no showing that the jury disagreed as to the statement of said witnesses or that there were any particular points in dispute relative to their testimony."

Reliance is had by appellant upon that portion of Art. 36.28, C.C.P., which provides:

"In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other * * *."

While it does not appear from the record that the jury made known to the court, in their request, the particular point in dispute and that part of the testimony they desired

to have read, no objection was made by appellant to the court's action in having all of the testimony of one witness and all of the direct examination of the other read to the jury.

In the absence of any objection, appellant is in no position to complain and we would not be warranted in ordering a reversal by reason of the court's action.

In Pugh v. State, Tex.Cr.App., 376 S.W.2d 760, cited by appellant, objection was made to the court's action, which was unauthorized under Art. 678, C.C.P., now Art. 36.28, C.C.P., and which distinguishes the case from the instant one.

The ground of error is overruled.

The judgment is affirmed.

ONION, J., not participating.