Rudolph JARVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 41351.

Court of Criminal Appeals of Texas.

June 26, 1968.

Edward Neill English, Jr., Irving, for appellant.

Henry Wade, Dist. Atty., John H. Stauffer, Douglas D. Mulder, Ronald W. Chapman, Malcolm Dade, Camille Elliott and Kerry P. FitzGerald, Asst. Dist Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The offense is assault with intent to murder; the punishment, twenty years.

Two grounds of error are urged by appellant in his brief filed in the trial court.

The first ground of error complains of the court's refusal to grant a new trial because of alleged newly discovered evidence.

At the trial on the issue of appellant's guilt, the injured party, Mary Helen Jackson, nineteen years of age, testified that on the night in question, while she was attending a carnival with certain members of her family, the appellant shot her with a .22 calibre pistol. Her testimony was corroborated by that of her mother and an older sister.

Testifying in his own behalf, appellant denied shooting the injured party, swore that he had no gun on the occasion in question, and that it was the injured party's brother, Willie Jackson, Jr., who shot her.

Five witnesses were called by appellant whose testimony corroborated his denial of shooting the injured party and his claim that she was shot by her brother.

In his amended motion for new trial, appellant alleged that, since the trial, he had discovered new evidence which would exonerate him of any wrongdoing in the alleged offense. Specifically, it was alleged that two witnesses, Lonnie Johnson and Jessie Rider, had come forward and would testify that they were present at the time of the shooting and that appellant was not armed and did not shoot the injured party. The petition was supported by the affidavit of the two witnesses, and at the hearing on the motion the witnesses testified in support thereof.

■ We agree with the state that the court did not err in refusing to grant a new trial because the testimony of the two witnesses, if given at the trial, would have been merely cumulative.

■ It is the general rule that the testimony of a witness which would be merely cumulative of that adduced on the trial is not such newly discovered evidence as to call for a new trial. 1 Branch's Ann.P.C.2d 258, Sec. 225; Terry v. State, 170 Tex.Cr. R. 522, 342 S.W.2d 437.

We do not agree that because the witnesses Rider and Johnson were not related to the appellant their testimony would not have been cumulative, as the record reflects that three of appellant's five witnesses who testified at the trial were also not related to him. McCue v. State, 75 Tex.Cr.R. 137, 170 S.W. 280.

■ It should also be noted that according to the evidence adduced at the hearing on the motion for new trial the witness Rider was an assistant operator of one of the rides at the carnival near where the shooting occurred, and the other witness, Johnson, met appellant on the carnival grounds before the shooting, at which time appellant borrowed a knife from the witness with the understanding that he would return it the following day. Both witnesses lived in Dallas, and no effort is shown to have been made by appellant to contact the witnesses before the trial and ascertain what, if anything, they observed at the scene of the shooting. Under the record, a lack of due diligence on the part of appellant to obtain their testimony is shown. The ground of error is overruled.

In his second ground, appellant insists that error was committed by the state in referring to threats made by him (appellant) to Willie Jackson, Jr., a third party and not the victim of the assault.

The record reflects that, upon his cross-examination, appellant was asked if he knew anything about threats which Willie Jackson's family had received. His answer was, "No, we don't threaten." He was then asked if he knew anything about "the fact that they said they were going to kill him [Willie]?". Appellant's objection was by the court overruled but the question was unanswered. He was then asked if he knew anything about "a threat that if they didn't get Willie out of town he was going to be a dead boy?". Appellant's objection to the latter question was sustained and the jury instructed to disregard it. No motion for a mistrial was made by appellant.

On direct examination, Willie Jackson's mother testified that he had gone to live with his sister because "they was [sic] threatening" his life. Appellant's objection was sustained, but no request was made for an instruction to the jury to disregard or for a mistrial.

■ We perceive no error, and observe that according to the state's prosecuting witness appellant shot her immediately after he had threatened to kill her brother, Willie, and she had pleaded with him not to do so. Under such circumstances, any evidence of threats which appellant had made against her brother, who was the subject of the difficulty, would have been admissible to show the condition of appellant's mind at the time of the shooting. The ground of error is overruled.

The judgment is affirmed.