John Segal MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 43276.

Court of Criminal Appeals of Texas.

Nov. 25, 1970.

William R. Magnussen, Fort Worth (on appeal only), for appellant.

Frank Coffey, Dist. Atty., Truman Power, Roland H. Hill, Jr., Clayton Evans and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for forgery wherein the jury assessed punishment at five years' confinement in the Texas Department of Corrections.

The indictment in the instant case charged forgery in the first count thereof and passing as true a forged instrument in the second count. Only the first count was submitted to the jury.

It appears that there were three other indictments against the appellant pending prior to the trial in question. A motion and an affidavit requesting a separate sanity hearing in each case to determine appellant's competency to stand trial (present insanity) was filed. On March 17, 1969, prior to the 1969 amendment to Article 46.02, Sec. 1, Vernon's Ann.C.C.P. (Acts 1969, 61st Leg., p. 1698, ch. 554, sec. 1) the jury selected on the trial on the merits was the jury to whom the issue of present insanity was presented. Such procedure was in accordance with the holding

in Townsend v. State, Tex.Cr.App., 427 S.W.2d 55.

■ Appellant complains that the trial court in its "general instructions" to the jury panel prior to the voir dire examination and the trial on the sanity issue made the following statement:

"The procedure is this, that the State will examine you first, I believe, in this case and then the defense counsel will examine you and then they will strike their list. Twelve of you will be selected to serve on this jury. At that time, the question of insanity will be presented to you in the form of evidence. Each side has the opportunity to present testimony and if the defendant is found to be of unsound mind that will be the end of your services in this particular case. If the defendant is found to be of sound mind the State may elect to go ahead and try the case on the merits, one of the cases involved. They will announce in advance which case that is."

Still later the court stated: [O]f course, the first question is of insanity and then I take it, forgery and passing will be the principal offense * * *."

To such statements of the court there were no objections nor a request for instructions to disregard.

In Alejandro v. State, 394 S.W.2d 523, this court stated:

"An examination of the record reflects that no objection was made by appellant to any act or remark of the court of which he now complains. Such contention is not properly presented for review." See also Steese v. State, 170 Tex.Cr.R. 269, 340 S.W.2d 49.

While the reference to "cases involved" should not have been made, we find no reversible error.

Next, appellant complains of the court's action in communicating with the jury concerning the reproduction of testimony.

He contends the court permitted the reproduction of the testimony of a State's witness but not that of the defendant's father who testified as to alibi.

During deliberations on the issue of guilt the jury sent the following note to the court:

"We need to know if the time of purchase at Monnig's downtown was established, and if so, what was that time.
Stephen W. Dowdy
Foreman"

Assuming without determining that the jury was in dispute as to the particular testimony requested, the court, without objection, had the jury returned into open court and had the court reporter read two questions and two answers from the direct examination of the complaining witness, Joe Green.

Subsequently it appears the jury sent the following question to the court:

"May we hear the testimony of the defendant's father?

Stephen W. Dowdy
Foreman"

The court responded in writing as follows:

"The court is not going to have any more testimony read to the Jury.
Byron Matthews"

■ There appears in the record no explanation for the court's answer but we find no objection to such action.

Article 36.28, V.A.C.C.P., provides as follows:

"In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other; but if there be no such reporter, or if his notes cannot be read to the jury, the

court may cause such witness to be again brought upon the stand and the judge shall direct him to repeat his testimony as to the point in dispute, and no other, as nearly as he can in the language used on the trial."

In their second question the jury did not indicate that it was in dispute as to any portion of the witness's testimony. However fair and desirable the practice may be, this court in Vasquez v. State, 415 S.W.2d 188, 191, said: "We know of no authority which required the court to direct the jury's attention to the provisions of the statute."

In absence of objection to the court's actions in responding to the questions, we perceive no reversible error. See Maldonado v. State, Tex.Cr.App., 425 S.W.2d 646.

Still further, appellant urges the court erred in refusing to entertain a "Motion for hearing after conviction to present evidence of innocence."

Following his conviction appellant filed a motion for new trial pursuant to the provisions of Article 40.05, V.A.C.C.P. There was no claim of newly discovered evidence. After a hearing the same was overruled, sentence was imposed and notice of appeal given. Over nine months later after numerous extensions for filing his appellate brief, appellant filed the above described motion contending that he had the affidavits of two witnesses to support his alibi defense offered at the trial and rejected by the jury. Such affidavits are not attached to the "motion" found in the record nor is the "motion" otherwise supported by oath or affidavit.

■ Even if the belatedly filed "motion" could be considered as a second motion for new trial, the claim of error is not presented for review since motions for new trial based upon newly discovered evidence must be sworn to. Watkins v. State, Tex.Cr.App., 438 S.W.2d 819; Browning and Flanagan v. State, Tex.Cr.App., 432 S.W.

2d 85. Even if the affidavits of the allegedly newly discovered witnesses had been attached to the motion, such affidavits would not have supplied the deficiency. Browning and Flanagan v. State, supra.

 Assuming the motion had been properly presented as a motion for new trial based on newly discovered evidence, the court would not have erred in overruling the same such evidence was only cumulative of the alibi testimony offered at the trial by both the appellant and his father. See Jarvis v. State, Tex.Cr.App., 429 S.W.2d 885.

We find no error in the court's refusal to entertain the belatedly filed "motion." See Watkins v. State, supra.

Finding no reversible error, the judgment is affirmed.