Earl SWINDELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 45637.

Court of Criminal Appeals of Texas.

Jan. 31, 1973.

Rehearing Denied March 14, 1973.

Otto C. Stephani, Jr., Fort Worth, William R. Magnussen, Fort Worth (On Appeal only), for appellant.

Doug Crouch, Dist. Atty., and Roger Crampton, Asst. Dist. Atty., Fort Worth, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a rape conviction where the punishment was assessed at 25 years.

The sufficiency of the evidence is not challenged. Suffice it to say that the State's evidence reflects the appellant drove the prosecutrix in his car to a deserted location near Lake Arlington and there, by force and threats, raped the prosecutrix without her consent. She was finally able to escape by jumping from the moving car.

Testifying in his own behalf, appellant admitted having sexual intercourse with the prosecutrix, but believed that it was done with her consent.

In his first ground of error, appellant contends the court erred at the guilt stage of the trial in allowing the court reporter to read back to the jury testimony in excess of what the jury had requested.

■ The record reflects that during deliberations the jury requested all of the testimony given by the prosecutrix and by the appellant. The court properly refused to permit the same unless the jury specified what portions of the testimony, if any, were in dispute.

Article 36.28, Vernon's Ann.C.C.P., provides, as follows:

"In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other; but if there be no such reporter, or if his notes cannot be read to the jury, the court may cause such witness to be again brought upon the stand and the judge shall direct him to repeat his testimony as to the point in dispute, and no other, as nearly as he can in the language used on the trial."

See Vasquez v. State, 415 S.W.2d 188 (Tex.Cr.App.1967); Thrash v. State, 482 S.W.2d 213 (Tex.Cr.App.1972); Odumes v. State, 445 S.W.2d 218 (Tex.Cr.App. 1969).

Thereafter, the jury sent the following note to the court signed by the foreman:

"Mrs. ———'s testimony just following their exit from the car at the lake and before intercourse to determine threats with gun or bodily harm.

"Also, Swindell's testimony in same time period."

Thereafter, the court reporter read back certain portions of the testimony. A small portion of the testimony thus reproduced did relate to threats made and acts which occurred after the alleged rape. However, there was no objection offered at any time.

In Maldonado v. State, 425 S.W.2d 646 (Tex.Cr.App.1968), this court held that in the absence of any objection, the defendant was in no position to complain of the court's action in having all of one witness's testimony read to the jury as well as the direct examination of another witness. See also Martin v. State, 459 S.W.2d 845 (Tex.Cr.App.1970).

The appellant relies upon Pugh v. State, 376 S.W.2d 760 (Tex.Cr.App.1964), but there the defendant objected to the action of the court. It is, thus, to be distinguished as it was in *Maldonado*. See also Duncan v. State, 459 S.W.2d 822 (Tex.Cr. App.1970).

■ Further, in light of the manner in which the testimony was developed, it would have been difficult for the court reporter to separate it as to certain time periods. We are not inclined to agree that an excessive amount of testimony was read back by the court reporter. See Duncan v. State, 454 S.W.2d 736 (Tex.Cr.App.1970).

■ Next, appellant contends the court erred in commenting on the weight of evidence. This complaint grows out of the

fact that the court, in addition to having the testimony read back, also gave them a written note in response to the request for the reproduced testimony which read:

"MEMBERS OF THE JURY:

I thought there was another place where a gun was mentioned but I can not find it."

In the testimony reproduced there were two references to appellant's statements that he had a gun and that he would kill the prosecutrix.

In other portions of the testimony not reproduced we find three other references to a gun.

While the court should not have sent the note or made the statement, we find no objection thereto and we cannot agree, under the circumstances, that reversible error is shown. Cf. Mathis v. State, 471 S.W.2d 396 (Tex.Cr.App.1971); Odumes v. State, supra.

There is no showing made that the appellant and his counsel were not present when the note was given to the jury.

■ Lastly, appellant complains the court erred in limiting the number of his character witnesses at the penalty stage of the trial. In addition to the appellant and his wife, there were four character witnesses who testified for the defense. Appellant does not point out where in the record the court made a ruling limiting the number of character witnesses and we have been unable to find any such ruling. The record simply does not support the appellant's contention.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

JACKSON, Commissioner.

Appellant now calls the Court's attention to an addition to the statement of facts, which addition is certified to by the trial court, disclosing that after defense counsel had placed four witnesses on the stand to attest to his good general reputation as a peaceable and law-abiding citizen, the court then asked defense attorney how many character witnesses he had in the hall, and he said he had eleven. The court told defense counsel at that time that he would not permit him to put on that many witnesses. Counsel for the State at that time had a witness on the stand and defense counsel told the court, "I am not going to ask him any questions, then I've got some others."

The court further certified that defense counsel was never told not to put on any more witnesses but was told he could not put on all eleven additional character witnesses.

The defense thereafter did not call any additional witness but then announced, "We rest, Your Honor."

■ We find no objection to this ruling of the court, and no tender of any additional character witnesses, hence the appellant is in no position to complain.

We have reviewed the record in the light of appellant's motion, find the original opinion correctly disposed of the case, and overrule the motion for rehearing.

Opinion approved by the Court.