**William E. PUGH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36770.**

Court of Criminal Appeals of Texas.

March 25, 1964.

No attorney of record on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is drunk driving; the punishment, 3 days in jail and a fine of $50.

No statement of facts accompanies the record.

Two formal bills of exception are relied upon for reversal.

Bill No. 1 certifies that on voir dire examination of the panel of 16 prospective jurors from which a jury was being selected they were asked whether the fact that the defendant was charged with driving an automobile on a public highway in Smith County while intoxicated would or might cause them to be prejudiced against the defendant and his defense. One of the members of the panel, in the presence of the others, stated: "I don't know whether this would prejudice me or not, but I have just returned from Arlington, Texas, where I buried the best friend I had in the world last Saturday; he was the victim of a drunk driver."

The bill reflects that the trial judge instructed the jury not to consider the remark but overruled the appellant's motion to quash and discharge the panel, and ordered the trial to proceed.

The juror's remarks in the presence of other members of the panel were improper and prejudicial.

Appellant's Bill No. 2 certifies that after the jury had retired to consider their verdict and had been deliberating for some two hours they sent a written question to the court asking "What was the date and hour the defendant was picked up by the Highway Patrolman?"

The date shown by the evidence was stipulated, and the jury having received the information called for by their question retired.

The bill certifies that thereafter the court, on his own volition, over objection of the appellant, recalled the jury and had the court reporter to read to them the following testimony:

"I was on routine patrol on U.S. 271, Gladewater Highway, east of Tyler, and as I was about four miles out, and I was going down a hill right before you come to the T.B. Hospital, and I observed a vehicle coming toward me traveling west, and the vehicle came

across the center stripe, and I immediately pulled to the shoulder of the road and looked at him in my rear view mirror, and the vehicle stayed across the center stripe, and I turned around and began to try to apprehend the vehicle, and I turned on my red light and siren, and as I went I would try to pull up beside him, and he would come to the left, and I'd have to drop back. That happened several times."

Art. 678, Vernon's Ann.C.C.P. controls and limits the reading of testimony to the jury during their deliberations. The court's action was not authorized and tended to bolster the state's case.

■ We have concluded that the bills of exception reflect facts showing that the appellant was deprived of a fair and impartial trial and that the absence of a statement of facts does not preclude our consideration of the bills.

The judgment is reversed and the cause remanded.