UNITED STATES of America

v.

Earl L. MORGAN, Appellant.

No. 23966.

United States Court of Appeals, District of Columbia Circuit.

Dec. 18, 1970.

Mr. Benjamin Greenspoon, Washington, D. C. (appointed by this Court) was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, James L. Lyons, and Jerome Wiener, Asst. U. S. Attys., were on the brief for appellee.

Before MacKINNON and WILKEY, Circuit Judges, and VAN DUSEN, Cir-

---

cuit Judge, U.S. Court of Appeals for the Third Circuit,* in Chambers.

PER CURIAM:

Appellant and a confederate were charged with second degree burglary and grand larceny in violation of D.C. Code §§ 22–1801(b) and 22–2201, respectively. The jury found both accused guilty of second degree burglary and not guilty of grand larceny. Appellant was sentenced to a term of imprisonment of from two to six years.

On this appeal it is contended that the trial court committed reversible error in refusing to grant appellant's motion for a mistrial when it was disclosed that during the night following the first day of the trial one of the jurors became a victim of a burglary and that such fact had been communicated to the remaining jurors. The juror involved was a Mr. Boyd. At the beginning of the second day of trial, he informed the court that his apartment had been burglarized the previous night. The court thereupon suggested that he be excused and be replaced by an alternate juror. Counsel for appellant did not object to this procedure. Mr. Boyd was then questioned at the bench as follows:

Mr. Boyd: When I came in, I was kind of late this morning. I said this is why I was late, my apartment was broken into.

The Court: Was anybody apprehended or anything? Were you there at the time or anybody?

Mr. Boyd: No.

The Court: You just told them [the other jurors] of the incident and why you were late?

Mr. Boyd: Yes.

At this point counsel for appellant moved for a mistrial and the United States Attorney suggested an independent *voir dire* of the jurors. This suggestion was opposed by appellant's counsel and the court decided not to *voir dire* the remaining jurors. Thereupon Mr. Boyd was excused and replaced by an alternate juror.

Appellant refers to several cases where a juror who participated in the decision was involved in some adverse experience which was considered to be prejudicial in the context of the case they were deciding.[1] These cases, however, are distinguishable on their facts from the situation here since Mr. Boyd was replaced by an alternate and did not sit in judgment on the case. In the circumstances of the facts here it was incumbent upon appellant to demonstrate the existence of a state of mind in some juror strong enough to raise a presumption of partiality.[2] Such evidence does not exist in this record and it is significant that the reason no inquiry was made into the effect of the incident on the jury was because appellant's counsel objected to the court doing so. After careful consideration of the entire record, we affirm.

Affirmed.

* Sitting by designation pursuant to 28 U.S.C. § 291(a) (1964).

1. Jackson v. United States, 129 U.S.App. D.C. 392, 395 F.2d 615 (1968); United States ex rel. De Vita v. McCorkle, 248 F.2d 1 (3d Cir.), cert. denied, 355 U.S. 873, 78 S.Ct. 121, 2 L.Ed.2d 77 (1957); Norwood v. State, 120 Tex.Cr.R. 510, 48 S.W.2d 276 (1932); Pugh v. State, 376 S.W.2d 760 (Tex.Cr.App.1964).

2. Chief Justice Marshall in 1 Burr's Trial 416 (1807) stated:
 "[L]ight impressions which may fairly be supposed to yield to the testimony that may be offered; which may leave the mind open to a fair consideration of that testimony, constitute no sufficient objection to a juror; but that those strong and deep impressions, which will close the mind against the testimony that may be offered in opposition to them; which will combat that testimony and resist its force, do constitute a sufficient objection to him."
 *See also* Irvin v. Dowd, 366 U.S. 717, 722, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); Reynolds v. United States, 98 U.S. 145, 155–156, 25 L.Ed. 244 (1878).