**Ronald John DEGRAFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1164–96.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 20, 1996.

---

Emmett Moore, Houston, for appellant.

Keli Pool Roper, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of assault and sentenced to confinement for thirty days and a $300.00 fine, both of which were probated. The Court of Appeals reversed the conviction, holding that the trial court erred under Article 36.28, V.A.C.C.P., by reading testimony back to the jury without first determining whether the jurors were in dispute. *DeGraff v. State,* 932 S.W.2d 668 (Tex.App.—Houston [14th Dist.] 1996).

In ground two of its petition, the State argues that the Court of Appeals erred by summarily reversing the conviction without conducting a harm analysis pursuant to Tex. R.App.Pro. 81(b)(2). The State submits that in *Brown v. State,* 870 S.W.2d 53 (Tex.Cr. App.1994), this Court held that a trial court's decision pursuant to Art. 36.28 should not be disturbed "unless a clear abuse of discretion and harm is shown." Therefore, the Court of Appeals erred by failing to conduct a harm analysis.

Accordingly, we grant ground two of the State's petition, vacate the judgment of the Court of Appeals, and remand the cause to that court to conduct a harm analysis. Ground one of the State's petition is dismissed without prejudice.