**Ronald John DeGRAFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–94–00793–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 25, 1996.

Discretionary Review Granted
Nov. 20, 1996.

Emmett Moore, Houston, for appellant.

Keli Pool Roper, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

**OPINION**

AMIDEI, Justice.

Ronald John DeGraff appeals his conviction by a jury for misdemeanor assault. The trial court assessed his punishment at thirty days in the county jail and a $300.00 fine probated for two years. In five points of error appellant claims (1) the trial court abused its discretion in having testimony reread to the jury, and (2) the trial court erred in denying appellant's motion for mistrial. We reverse and remand.

On February 1, 1994, Patricia Royer and appellant drove their cars to Arnold Junior High in northern Harris County to pick up their respective children. It was dark and appellant pulled out of a side road in front of Ms. Royer and stopped suddenly for a car in front of appellant. Ms. Royer had to swerve to avoid a rear-end collision with appellant. Both appellant and Ms. Royer then drove to Arnold Junior High, parked their cars and walked towards the front of the school. The evidence is conflicting, but indicates an alter-

---

cation in front of the school between the parties broke up and then started up again inside the school building. Appellant claims that Ms. Royer hit him in the back as he was pushing her away trying to stop her. Ms. Royer testified that she pushed him aside trying to get in the front door and that appellant hit her. Ms. Royer suffered a black eye and some scratches to her chest. Mr. DeGraff suffered a cut on his nose.

During the jury deliberations, the jury presented to the trial court a note, which read as follows:

> Did Officer Keener testify that Mr. De-Graff told him that he hit Ms. Royer?

The trial court called the jury back in the courtroom to read Officer Keener's testimony to them. Appellant objected to the re-reading of Officer Keener's testimony to the jury and was overruled. In points of error one, two, three and five, appellant complains that reading the testimony back to the jury violated Article 36.28, Texas Code of Criminal Procedure. We agree.

Article 36.28 of the Texas Code of Criminal Procedure provides, in pertinent part:

> In the trial of a criminal case in a court of record, if the jury *disagree* as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other .... (emphasis added).

■ After receiving the note from the jury, the trial court did not inform the jurors that they must be in disagreement before the testimony of a witness could be re-read to them. The trial judge did not attempt to determine if the jury was in actual disagreement over the testimony. The trial judge heard and overruled appellant's objection to having the testimony re-read and informed the jury, in pertinent part:

> Members of the jury, I have received your last note. And the note asks the Court a question about testimony. The law does not allow me to comment on the testimony or to give you my views on what was said or not said. I have taken your note as meaning that you are in disagreement, possibly over some portion of the testimony. Therefore, I have instructed the Court Reporter to review her notes regarding what I feel like is the testimony you are in conflict over. She has reviewed them, and I am going to have her now read back to you certain items of testimony which I am deducing from the note.

■ The jury must disagree about a specified part of testimony before the statement of a witness may be read to them. *Moore v. State*, 874 S.W.2d 671, 673 (Tex.Crim.App. 1994). The jury must tell the trial judge that it disagrees about a particular portion of testimony before the trial judge can read the testimony to them. *Moore*, 874 S.W.2d at 673. A simple request for testimony does not, by itself, reflect disagreement, implicit or express, and is not a proper request under Article 36.28 of the Texas Code of Criminal Procedure. *Id.* at 673.

In this case, the note from the jury does not indicate any disagreement. It is a simple request for testimony, without more, and it is not an indication of implicit disagreement. The manner in which the trial judge determines whether there is a factual dispute between the jurors is left to his sound discretion. *Robison v. State*, 888 S.W.2d 473, 480 (Tex.Crim.App.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 2617, 132 L.Ed.2d 859 (1995). In this case, the trial judge made no effort to determine if there was a dispute about the requested testimony. Accordingly, the trial court abused its discretion in reading the testimony of Officer Keener without determining if a disagreement existed. *Moore*, 874 S.W.2d at 674. To hold otherwise permits speculation in every case as to the possibility of disagreement. *Id.* at 674. Appellant's points of error one, two, three and five are sustained.

Having sustained appellant's points of error one, two, three and five, we find it unnecessary to rule on appellant's point of error number four.

The judgment of the trial court is reversed and remanded for a new trial.

ANDERSON, Justice, dissenting.

I respectfully dissent.

The majority holds that where (a) in a question to the trial court inquiring about certain testimony, the jury failed to state that it disagreed about a particular portion of the testimony, and (b) the trial judge inferred from the question that the jury was in actual disagreement over such testimony, then under Article 36.28 and *Moore v. State,* 874 S.W.2d 671 (Tex.Crim.App.1994) the trial court abused its discretion in reading the testimony of the witness to the jury. Because I believe the majority has imposed a Procrustean[1] standard based, in part, on the single word "disagree" in Article 36.28 and its absence from the jury's question in this case, I do not find the trial court abused his discretion by allowing the jury to hear certain evidence again.[2]

Under Article 36.28 the jury must disagree as to the statement of any witness before the testimony may be read back. The manner in which the trial court determines whether there is a factual dispute between the jurors is left to his sound discretion. *Robison v. State,* 888 S.W.2d 473, 480 (Tex.Crim.App. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 2617, 132 L.Ed.2d 859 (1995). In *Moore,* the Court determined that the trial court abused its discretion in reading the testimony without determining if a disagreement existed. 874 S.W.2d at 674. Here the trial court made that determination based on a question from the jury that plainly manifested a disagreement.

It is important, I believe, to distinguish the types of post-trial jury questions that fail the Article 36.28 test from the jury question under consideration here. In *Moore,* the jury asked a series of questions:

We would like to hear read the testimony of Moore, Ing (sic) and Schmidt describing what happened. . . .

Later, another note states:

The jury requests to hear the earlier requested testimony of Officer Ing (sic) and then retire for further deliberation. If the other testimony is needed, we will request it.

The final note sent out by the jury stated:

We cannot progress any further until Officer Ing's (sic) testimony is read for us.

However, in the case sub judice, the jury's note stated:

Did Officer Keener testify that Mr. Degraff told him that he hit Ms. Royer?

There is a critical difference between this inquiry and the series of questions in *Moore.* The questions in *Moore* were broad and generic in that they asked for all of the testimony of a particular witness without any attempt to identify the disputed part. Article 36.28 contemplates the reading of only "that part of such witness testimony or the particular point in dispute, and no other; . . . ." A single witness can cover a variety of facts and a "request" for the entire testimony of that witness suggests a lapse in memory, not a dispute. *Moore,* 874 S.W.2d at 674. Such a request will not be honored, and should not, because the tenor of such a question manifests a memory lapse only.

However, the narrow focus of the jury's question in the instant case is quite similar to the question in *Pugh v. State,* 376 S.W.2d 760 (Tex.Crim.App.1964). In *Pugh,* the jury sent out a note asking "What was the date and hour the defendant was picked up by the Highway Patrolman?" The answer to the question was stipulated to and given to the jury. The Court determined however, that an abuse of discretion had occurred because the trial court *sua sponte* had other testimony reread to the jury, even though the testimony had no reference to the date or hour in dispute. It seems clear from *Pugh* that a very narrow question requiring a precise answer implies a dispute about the answer, while a broader request requires further inquiry into and analysis of the existence of a dispute. *See Fernandez v. State,* 915 S.W.2d 572, 574 (Tex.App.—San Antonio 1996, no pet. h.) (it is reasonable from the progression of notes and the language used in the second

---

1. After *Procrustes,* a mythical Greek giant who stretched or shortened captives in a ruthless manner to make them fit his beds.

2. A trial court abuses its discretion when its decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1990) (op. on reh'g).

note for the trial court to conclude that members of the jury disagreed about the witness' testimony).

I do not believe the majority opinion, which only briefly adverts to the *Robison* decision in the penultimate paragraph, has completed the analysis required for a decision in this case. In *Robison*, the court identified two competing concerns in answering questions for juries while they deliberate. On the one hand, there is concern that the trial court not comment on the evidence. However, on the other, the jury must be provided with the means to resolve any factual disputes the jury may have. 888 S.W.2d at 480. I believe the greater weight should be accorded the latter concern, in conjunction with the granting of wide latitude to the trial judge to determine if a dispute exists. Indeed, in *Robison*, the court considered the notes from the jury, which never used the word "disagree", and the trial court's responses, which did use the word "disagree", and concluded that "it [is] not unreasonable to infer a disagreement among the jury regarding Dr. Price's testimony." 888 S.W.2d at 481. This conclusion was reached due to the highly specific nature of the jury's request, not the use of the talismanic word "disagree" in the jury's notes to the trial court.

The question to the trial court in this case was a specific inquiry about one specific statement of a particular witness, and not a mere request for the entire testimony of that witness. A simple request for testimony does not, by itself, reflect disagreement, implicit or express, and is not a proper request under Art. 36.28. *Jones v. State,* 706 S.W.2d 664, 667 (Tex.Crim.App.1986). The question here, however, isolated a single fact—did Officer Keener state that Mr. Degraff said he hit Ms. Royer? Indeed, this question appears to precisely track the mandate in Art. 36.28—except that the word "disagree" is absent. The judge reasonably inferred from the note that there was a disagreement about the exact testimony of Officer Keener on this subject, and permitted the court reporter to read back to the jury the portion the court determined to be in dispute.[3] The reasonableness of the trial court's inference is bolstered by the fact that defense counsel failed to object to the reading of the testimony based on the absence of a clear manifestation of a disagreement. In *Moore,* the defendant specifically requested that the court answer the note from the jury by informing them that the testimony would be read if they reported a disagreement about the testimony. Here, and in *Robison,* no such objection was advanced.[4]

Moreover, in *Brown v. State,* the trial court responded to a jury question which stated the jury was in disagreement about a particular witness' statement by having certain testimony reread. The appellant there timely objected to this action, stating that the "proposed answer by the Court is broader than the question. . . ." 870 S.W.2d 53 (Tex. Crim.App.1994). The *Brown* Court found no abuse of discretion based on the absence of any objection to the specific questions and

---

**3.** That testimony consisted of only six questions and answers that responded specifically to the question asked by the jury in the note.

**4.** The defendant's specific objection to the reading of Officer Keener's testimony was as follows:

[Defense Counsel]: Your Honor, I'm referring to the note sent out by the jury a few minutes ago in this case which asks a question: Did officer Keener testify that Mr. DeGraff told him that he hit Mrs. Royer, and signed by one of the jurors. In discussion before coming back, it was stated that certain testimony would be read back to the jury. And the Defense would like to object to the rereading of the testimony. And the reason for the objection is that it's impossible to reach into the totality of the record and pull out a bit of testimony which

the Court has already indicated would be read back to the jury that contains a reference to Mr. DeGraff hitting Mrs. Royer without bringing along testimony that went before and after so that that testimony can be made in context and I believe it would be prejudicial to cut out and read to the jury the small amount that's already been designated by the Court. Further, and I would request and recommend that the answer to this question by the Court be to instruct the jury that they have heard the evidence and that they should continue their deliberations. Thank you, Judge.

The difference between the objection at trial and the complaint on appeal suggests waiver of the point of error, but waiver need not be addressed inasmuch as the trial court recognized the underlying issue to be whether the testimony was in dispute, and so advised the jury.

answers appellant felt exceeded the bounds of the jury's request. In this case, as in *Brown,* defense counsel's objection (see note 4) did not specify the desired additional testimony that "went before and after" the portion selected by the trial court.

Unlike Procrustes, I am unwilling to apply a single standard to every case involving post-trial jury questions to the trial court. There are other standards, such as the permissible inference sanctioned in *Robison,* which are better suited to the facts here. Accordingly, because the tenor of the question in this case implied a dispute, and the trial court's concomitant inference that a disagreement existed does not lie outside the zone within which reasonable persons might disagree, I do not find an abuse of discretion.