**Ronald John DeGRAFF, Appellant,**

v.

**The STATE of Texas**

**No. 0534–97.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 11, 1998.

Emmett Moore, Houston, for appellant.

Keli Pool Roper, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

The opinion of the Court was delivered by MANSFIELD, Judge, and was joined by BAIRD, OVERSTREET, MEYERS, and PRICE, Judges.

We granted the State's petition for discretionary review to determine whether the Fourteenth Court of Appeals erred in hold-ing that Harris County Criminal Court at Law No. 7 abused its discretion in having certain testimony read back to the jury. See Tex.R.App. Proc. 66.3(c). We will affirm the judgment of the Court of Appeals.

### The Relevant Facts

On February 1, 1994, an altercation occurred between appellant, Ronald John De-Graff, and one Patricia Royer after the two almost collided while driving their cars near Arnold Junior High School in Houston. On February 2, 1994, an assistant district attorney of Harris County filed an information in County Criminal Court at Law No. 7 charging appellant with misdemeanor assault. See Tex. Penal Code § 22.01(a)(1). On July 7, 1994, the case went to trial. During the jury's deliberations at the guilt/innocence phase, the jury sent the trial judge a note, which read, "Did officer Keener testify that Mr. DeGraff told him that he hit Ms. Royer[?]" After receiving the note, the trial judge heard and overruled appellant's objection that having the testimony read back to the jury would be "prejudicial." The trial judge then called the jury into the courtroom and stated the following:

> Members of the jury, I have received your last note. And the note asks the court a question about testimony. The law does not allow me to comment on the testimony or to give you my views on what was said or not said. *I have taken your note as meaning that you are in disagreement,* possibly over some portion of the testimony. Therefore, I have instructed the court reporter to review her notes regarding what I feel like is the testimony you are in conflict over. She has reviewed them, and I am going to have her now read back to you certain items of testimony which I am deducing from the note.

The court reporter then read back the testimony in question. The jury later found appellant guilty of the charged offense, and the trial judge assessed appellant's punishment at thirty days confinement in the county jail and a fine of $300, probated for two years.

On appeal, appellant argued that the trial court had abused its discretion under Texas Code of Criminal Procedure article 36.28 when it had had Officer Keener's testimony read back to the jury. The Fourteenth Court of Appeals agreed with appellant's argument and reversed his conviction, holding that "the trial court [had] abused its discretion in reading the testimony of Officer Keener without determining [sic] if a disagreement existed." *DeGraff v. State*, 932 S.W.2d 668, 669 (Tex.App.—Houston [14th Dist.] 1996). We subsequently granted the State's petition for discretionary review, vacated the judgment of the Court of Appeals, and remanded the case back to that court for a harmless-error analysis. *DeGraff v. State*, 934 S.W.2d 687 (Tex.Crim.App.1996). On remand, the Court of Appeals found that the trial court's error was not harmless beyond a reasonable doubt. *DeGraff v. State*, 944 S.W.2d 504, 508 (Tex.App.—Houston [14th Dist.] 1997). We then granted the State's second petition for discretionary review to determine whether the Court of Appeals had erred in its holding that the trial court had abused its discretion.

In its brief to this Court, the State argues that the trial court could have inferred reasonably from the jury note that the jury was in disagreement regarding Officer Keener's testimony. The State, citing *Pugh v. State*, 376 S.W.2d 760 (Tex.Crim.App.1964), argues that "when a jury sends out a very narrow request which requires a precise answer, such a request implies a dispute." The State also distinguishes *Moore v. State*, 874 S.W.2d 671 (Tex.Crim.App.1994), the case relied upon by the Court of Appeals, on the ground that the jury note in *Moore* was "a broad and generic request for the testimony of a particular witness."

Appellant argues that *Moore* controls the disposition of this case, and that *Pugh* is distinguishable from this case and actually supports his position more than it supports the State's position.

### Analysis

Article 36.28 provides that "*if the jury disagree* as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other...." (Emphasis added.) We have previously expressed the competing concerns underlying Article 36.28. On the one hand, there is the concern that the trial court not comment on the weight of the evidence. *Robison v. State*, 888 S.W.2d 473, 480 (Tex.Crim.App.1994). On the other hand, there is the concern that the jurors have the means of resolving any factual disputes they might have. *Id.* at 480.

Under Article 36.28, the jurors must disagree as to the testimony of a witness before the testimony may be read back to them. However, a simple request for testimony does not by itself reflect disagreement, implicit or explicit, and is not a proper request under Article 36.28. *Id.* at 480; *Moore v. State*, 874 S.W.2d 671 (Tex.Crim. App.1994).

In *Moore*, the jury sent out a note requesting the testimony of three witnesses regarding a particular topic. Defense counsel requested that the trial court inform the jurors that they must certify there was a dispute as to that particular portion of the testimony. The trial court denied the request. The trial court then ordered the court reporter to read the portions of the requested testimony to the jury. The trial court made no affirmative effort to determine whether there was a dispute regarding the requested testimony, let alone what the dispute might be. We concluded that the trial court abused its discretion in reading the testimony back to the jury, explaining:

[A] request for testimony, without more, is not an indication of implicit disagreement. To hold otherwise permits speculation in every case as to the possibility of disagreement. Just as plausibly, ..., one can speculate that the jury as a whole or certain jurors might not remember the testimony and do not disagree with the recollection of other jurors. Under Art. 36.28 this is not a proper reason for reading testimony. Article 36.28 requires disagreement to be shown.

*Moore*, 874 S.W.2d at 674.

The instant case is governed by *Moore*. Here, there was only one request

made by way of a note, which was a simple, albeit quite specific, request for testimony. The request in no way suggested the existence of a disagreement. As we noted in *Moore,* a simple request for testimony, without more, does not logically imply disagreement. Given the jury note in question, the trial court could not reasonably infer that the jurors were in disagreement concerning Officer Keener's testimony.

The State also argues that *Pugh* suggests that where, as here, a jury note seeks a precise answer to a very narrow question, a disagreement is implied. The State's reliance upon *Pugh* is misplaced, however. In *Pugh,* the jury sent out a note asking, "What was the date and hour the defendant was picked up by the Highway Patrolman?" The date shown by the evidence was stipulated by the parties, and the jury, having received the information called for by their question, retired. Thereafter, the trial court, *sua sponte,* and over the defendant's objection, had *other* testimony read back to the jury, even though the testimony had no reference to the date or hour in question. On appeal, the defendant complained of the trial court's *sua sponte* action. Thus, the import of *Pugh* was merely that the *sua sponte* action of the trial court in reading back testimony was an abuse of discretion because the trial court was required to find that a dispute existed prior to reading back any additional testimony. See *Jones v. State,* 706 S.W.2d 664, 668 n. 3 (Tex.Crim.App.1986).

We hold that the trial court abused its discretion in finding a disagreement among the jurors. We therefore AFFIRM the judgment of the Court of Appeals.

KELLER, Judge, dissenting.

A trial judge has some latitude in inferring that a disagreement exists among jurors even when a jury note does not contain the word "disagree." The manner in which the trial court determines whether there is a factual dispute between the jurors is left to his sound discretion. *Robison v. State,* 888 S.W.2d 473, 480 (Tex.Crim.App.1994) *cert. denied* 515 U.S. 1162, 115 S.Ct. 2617, 132 L.Ed.2d 859 (1995). The question in this case is simply whether it was unreasonable

for the trial court to infer disagreement from the jury's question, "Did Officer Keener testify that Mr. DeGraff told him that he hit Ms. Royer?" I think that the trial court reached not only *a* reasonable conclusion, but *the most* reasonable conclusion. The question "plainly manifested a disagreement." *DeGraff v. State,* 932 S.W.2d 668, 670 (Tex. App.—Houston [14th Dist.] 1996)(Anderson, J. dissenting). Even trial counsel did not contend that the note failed to show disagreement—the gist of his objection was that the testimony the court proposed to read back was out of context.

Article 36.28 does not require that the jury's disagreement appear explicitly in a request for testimony, and neither should this Court so require. If we are to abide by our holding in *Robison,* we should defer to the trial court when, as in this case, it makes a reasonable inference.

I respectfully dissent.

McCORMICK, P.J., and HOLLAND and WOMACK, JJ., join.