**Raul RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–98–00402–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 24, 1999.

Rehearing Overruled July 19, 1999.

Terrence A. Gaiser, Houston, for Appellant.

John B. Holmes, District Attorney of Harris County, Eric Kugler, Assistant District Attorney of Harris County, Houston, for State.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and ANDELL.

## OPINION

ADELE HEDGES, Justice.

A jury found appellant guilty of aggravated sexual assault of a child and assessed punishment of five years in prison. We affirm.

A lengthy recitation of the facts is not necessary because appellant does not challenge the sufficiency of the evidence to support his conviction. Rather, appellant contests the trial judge's decision to read only a portion of one witness's testimony to the jury during its deliberations.

After the jury retired to deliberate on guilt or innocence, a note was sent out signed by Kenneth Starr, the jury foreman. The note which inquired about previous testimony form the trial, is set forth in full below:

Testimony:

Raul's Testimony the *Part about* [the complainant's] phone call in which Raul's wife overheard,
Also [the complainant's] Testimony concerning the same Telephone call.

In response to the jury's note, a typed instruction and form was submitted to the jurors stating that the jurors must identify the particular testimony in dispute. The instruction and form was signed by the judge and both attorneys. The jury responded that there was a dispute about the complainant's direct testimony. Specifically, the jury stated: "Direct asked by the State's attorney concerning [the complainant's] testimony 'How [the complainant's] aunt found out.' "

Outside of the jury's presence, appellant's counsel requested that the court provide what the jury asked for in its initial note. The judge denied appellant's counsel's request. Appellant's counsel then asked that the judge read to the jury the initial note the jury sent out and the instruction and form submitted to the jury, and then inquire if the jury wanted to hear appellant's testimony or not. The judge again refused appellant's counsel's request and stated, "I think that is a comment on the weight [of the evidence]." The judge then stated that he would ask the jury if the jury's response on the instruction and form covered the issues it wanted covered. Appellant's counsel objected.

The jury then returned to the jury box, and the judge stated as follows:

Initially you sent out a handwritten note. The Court was in receipt of a handwritten note from you. The Court responded with a typed form to which you filled out the request you have, and I am going to let her read now to you what was in the second note. If you desire anything further, I will be happy to ask the court reporter to find it, if it can be found, and respond that way.

The court reporter then read the direct testimony of the complainant concerning how her aunt found out about the abuse. The jury again retired to continue deliberations. Approximately a half-hour later, and less than two hours from when the jury initially retired to deliberate, the jury returned its guilty verdict.

In appellant's first two points of error, he argues that the trial court reversibly erred by failing, over objection and after request, to read back all the requested testimony on the issue of the overheard telephone conversation. In his third point of error, appellant argues that he was egregiously harmed when the trial court read back the direct testimony of the complainant without reading back the corresponding cross-examination. Because all three of appellant's points of error concern whether the trial court erred in reading back only certain testimony to the jury, we consider the points together.

 "[I]f the jury disagrees as to the statement of any witness they may, upon

applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other...." TEX. CODE CRIM. P. art. 36.28 (Vernon 1981). Under Article 36.28, the jurors must disagree as to the testimony of a witness before the testimony may be read back to them. *DeGraff v. State,* 962 S.W.2d 596, 598 (Tex.Crim.App.1998). A mere request for testimony does not in itself reflect that there is dispute and is not a proper request under Article 36.28. *Id.* at 598. A trial court abuses its discretion in reading testimony to the jury without first determining if a disagreement exists. *Moore v. State,* 874 S.W.2d 671, 674 (Tex.Crim.App. 1994). The manner in which the trial court determines whether there is a dispute among the jurors is left to its sound discretion. *Robison v. State,* 888 S.W.2d 473, 480 (Tex.Crim.App.1994).

In the present case, the jury's first note merely asked for the testimony of two witnesses and said nothing about whether the testimony was in dispute or disagreement. In response, the judge, counsel for appellant, and counsel for the State submitted a typed instruction and form to the jury to determine what, if any, testimony was in dispute. The jury then answered that the testimony in dispute was the direct testimony of the complainant. Therefore, the complainant's direct testimony is the only testimony the judge was permitted to read to the jury.

We conclude that the trial court did not err in reading back only this testimony. We overrule all of appellant's points of error.

We affirm the judgment of the trial court.