NUMBER 13-98-079-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ALEJANDRO LUNA GOMEZ, SR.
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 24th District Court


of De Witt County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Justice Dorsey



 This is an appeal of Gomez's second conviction for sexually
assaulting his five-year-old stepdaughter. He was previously convicted
of aggravated sexual assault and sentenced to seventy years
confinement. In 1994, this court reversed and remanded the cause for
a new trial because the State impermissibly amended the indictment to
change it from charging sexual assault to charging aggravated sexual
assault.

 Gomez was re-indicted by a grand jury in January of 1997 for
aggravated sexual assault.(1) He pleaded not guilty and proceeded to trial
where he was convicted and sentenced to twenty-five years
confinement.

 By his first point of error, Gomez contends that the evidence was
insufficient to support his conviction. Specifically, he contends that the
State failed, as a matter of law, to produce any evidence that he caused
the "penetration" of the minor he was convicted of sexually assaulting.

 The court of criminal appeals has defined the term "penetration"
in the context of aggravated sexual assault. It means a significant
intrusion beyond mere external contact. Vernon v. State, 841 S.W.2d
407, 489 (Tex. Crim. App. 1992). Additionally, the penal code specifies
that penetration caused by "any means" is within that definition. See
Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2000).

 The child victim testified at Gomez's trial that Gomez penetrated
her with his finger. That is sufficient evidence to support the jury's
finding. We overrule his first point of error.

 By his second point of error, Gomez complains that the trial court
erred in not requiring the State to dismiss two other indictments that
were pending against him stemming from the same incident. While the
State did dismiss the other two indictments prior to Gomez's retrial, he
argues that the court erred in not requiring the State to elect the
indictment it would proceed under until the day before trial.

 This court does not have copies of the two indictments appellant
alleges were pending, as they were filed under different cause numbers,
and have since been dismissed. The record indicates that one of the
indictments was the original indictment under which Gomez was tried. 
That indictment charged sexual assault. Apparently, another
indictment was issued that alleged aggravated sexual assault by means
of penetration. The present indictment alleged aggravated sexual
assault by means of penetration and contact.

 The record reveals that at the end of a lengthy discussion
regarding pretrial matters, the court instructed the State to proceed
under the present indictment, and dismiss the other two. The court
clearly stated that either the State must dismiss them voluntarily or it
would order their dismissal. Thus, Gomez was afforded the relief he
sought. We overrule his second point of error.(2)

 By his third point of error, Gomez argues that this prosecution was
barred by double jeopardy. He contends that once his original
conviction was reversed and remanded, the State was obligated to
proceed under the original indictment that charged him with the lesser
offense of sexual assault. Instead, the State re-indicted him for
aggravated sexual assault and dismissed the original indictment after
the remand. However, the court of criminal appeals has held that "the
pendency of one indictment does not prevent the grand jury from
returning subsequent indictments charging the same transaction." 
Whitehead v. State, 286 S.W.2d 947, 948 (Tex. Crim. App. 1956). We
overrule Gomez's third point of error.

 By his fourth point, Gomez contends that the indictment he was
tried under was fatally defective because it was returned after the
expiration of the statute of limitations for the crime alleged. The
indictment was filed on May 23, 1997. The offense was alleged to have
occurred on October 12, 1991. Gomez argues that the statute of
limitations was five years.

 The statute of limitations for aggravated sexual assault of a child
is ten years from the child's 18th birthday. Tex. Code Crim. Proc. Ann.
art. 12.01(5)(c)(Vernon 1998). The indictment was returned well before
that time. We overrule Gomez's fourth point of error. 

 By his fifth point of error, Gomez contends that the trial court
committed reversible error by allowing the State to ask improper
questions during the voir dire of the venire panel. He contends that the
prosecution impermissibly asked hypothetical questions based on the
exact facts of his case that were "designed to bring out the prospective
juror's view on the case and the facts about to be tried." See Atkins v.
State, 951 S.W.2d 787, 788 (Tex. Crim. App. 1997).

 The court of criminal appeals has held that the use of a
hypothetical fact situation during voir dire is permissible if it is used to
explain the application of the law, but is improper if used to inquire how
a venireman would respond to particular circumstances as presented
in a hypothetical question. Cuevas v. State, 742 S.W.2d 331, 336 n.
6 (Tex. Crim. App.1987). Hypothetical questions may not be used to
commit the venire to particular set of facts. Atkins, 951 S.W.2d at 789.

 However, Gomez failed to object to the voir dire questions that he
now alleges were improper. The court of criminal appeals has
specifically held that "failure to object to the court's instructions during
voir dire waives error for appellate review." Butler v. State, 872 S.W.2d
227, 240 (Tex. Crim. App. 1994); see also Boyd v. State, 811 S.W.2d
105 (Tex. Crim. App. 1991); Tex. R. App. P. 33.3. Therefore, we hold
Gomez has waived this issue for purposes of appeal, and overrule his
point of error.

 Next, Gomez contends that the trial court committed reversible
error by reading back testimony to the jury after it retired for
deliberations without first ascertaining whether there was a
disagreement about a specific part of the testimony. Article 36.28 of
the code of criminal procedure provides that "if the jury disagrees as to
the statement of any witness they may, upon applying to the court,
have read to them from the court reporter's notes that part of such
witness testimony or the particular point in dispute, and no other. . . ." 
Tex. Code Crim. Proc. Ann. art. 36.28 (Vernon 1981). The court of
criminal appeals has held that article 36.28 requires that the jurors must
disagree as to the testimony of a witness before the testimony may be
read back to them. DeGraff v. State, 962 S.W.2d 596, 598 (Tex. Crim.
App.1998). Further, a mere request for testimony does not in itself
reflect that there is dispute and is not a proper request under article
36.28. Id. Accordingly, a trial court abuses its discretion when it reads
testimony to the jury without first determining if a disagreement exists. 
Moore v. State, 874 S.W.2d 671, 674 (Tex. Crim. App.1994). The
manner in which the trial court determines whether there is a dispute
among the jurors is left to its sound discretion. Robison v. State, 888
S.W.2d 473, 480 (Tex. Crim. App.1994).

 However, once again, the defendant expressly waived any
objection to the reading of the entire testimony of Alex Gomez and the
child victim. Upon receiving the request from the jury, the prosecutor
stated to the court:

 Your Honor, the State would point out that Article 36.28 of
the code of criminal procedure requires in a trial of a criminal
case if the jury disagrees as to any statement of any witness,
they may upon applying from the Court have read to them
from the Court Reporter's notes that part of such witness'
testimony or the particular point in dispute, and no other.


 So, the State does not have any objection to them
having the entire testimony read, but I would request that
the Defendant make his position known on the record.


Gomez's attorney then stated:

 Your Honor, it is my understanding the jury has requested
the entire testimony of each of those witnesses, and we are
not objecting to that entire testimony being read to the jury.


 Accordingly, Gomez has waived his objection to the article 36.28
violation. See Tex. R. App. P. 33.3.

 Gomez also complains that the trial court erred in re-reading the
testimony of only the victim to the jury. The jury was called back in for
the re-read and the testimony of the victim was read to them. After
they heard that testimony, a juror asked the court if they might retire for
a brief moment of deliberations. The court acquiesced. They came
back from that meeting with a verdict, and never heard the re-read of
Gomez's testimony.

 Gomez argues that his waiver of objection to the article 36.28
violation was contingent upon the court's re-reading both the victim's
and his testimony. However, he made no such objection to the trial
court. See Tex. R. App. P. 33.3 (requiring timely objection to preserve
error for appeal). We hold, therefore, that the previous waiver was
unconditional. Accordingly, we overrule this point of error.

 By his seventh point of error, Gomez contends that he received
ineffective assistance of counsel. Gomez contends that his trial
counsel's performance was deficient because counsel failed to properly
preserve the record for appellate review. He argues that he was
somehow harmed by his counsel's performance during pretrial
argument. We hold that he has not met his burden of showing either
ineffective assistance or prejudice to his case.

 In order to prove an ineffective assistance of counsel claim, a
defendant must establish that (1) counsel's performance fell below the
standards of reasonable competency, and (2) there is a reasonable
probability that the deficient performance prejudiced his defense thus
depriving him of a fair trial. Strickland v. Washington, 466 U.S. 668,
687 (1984); Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App.1986).

 The assessment of whether a defendant received effective
assistance of counsel must be made according to the facts of each case. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Any
allegation of ineffectiveness must be firmly founded in the record. Id. 
Failure to make the required showing of either deficient performance or
sufficient prejudice defeats the ineffectiveness claim because, absent
both showings, an appellate court cannot conclude the conviction
resulted from a breakdown in the adversarial process that renders the
result unreliable. Id. Appellant bears the burden of proving by a
preponderance of the evidence that counsel was ineffective. Id. We
look to the totality of the representation and the particular
circumstances of each case in evaluating the effectiveness of counsel. 
Id. This court must be highly deferential to trial counsel and employs
a strong presumption that his conduct fell within the wide range of
reasonable professional assistance. Strickland, 466 U.S. at 687.

 Gomez has entirely failed to meet his burden of showing
ineffective assistance. He has not pointed to one specific instance
where his attorney's conduct fell below the standard of reasonably
competent representation. We overrule Gomez's seventh point of error.

 Finally, Gomez contends that he was the target of prosecutorial
vindictiveness because the prosecution re-indicted him for a more
serious crime after reversal and remand by the court of appeals. This
argument is without merit. The facts of the case demonstrate that the
prosecution's conduct was not out of the ordinary.

 The State initially attempted to indict him for aggravated sexual
assault. That indictment was determined to be defective, and the State
attempted to amend it. Gomez was tried and convicted under the
amended indictment. This court held that the amendment was
impermissible, and reversed the conviction for a new trial. At that
point, the State sought a new indictment for aggravated sexual assault. 
This was to be expected, and does not evidence any sort of retaliation
on the part of the State for Gomez's exercise of his right to seek
appellate review. We overrule his eighth point of error.(3)

 The judgment of the trial court is AFFIRMED.


 
 

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 10th day of August, 2000.

1. See Tex. Pen. Code Ann. § 22.021(a)(2)(B) (Vernon Supp. 2000).
2. We also note that the appellant did not have a motion to dismiss
on file at the time he made this argument to the court. He had filed a
motion to quash the indictment on grounds that it violated the
prohibition against double jeopardy, which the court denied. During the
hearing on that motion, appellant also argued that the state
impermissibly had three indictments pending against him for the same
crime. We can only presume that appellant was granted the relief he
requested, as there is no indication in the record that he ever filed such
a motion to dismiss. Nevertheless, he styled this point of error, "The
trial court erred in failing to grant my motion to dismiss."
3. Appellant, who filed a pro se brief, alleged twelve points of error
in the section of his brief entitled "Statement of the Issues." However,
he did not present argument or even address all of those points in the
body of his brief. In our opinion, we have addressed the points of error
he urged in the body of his brief.