**Opinion issued April 8, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-01085-CR

———————————

**ABELARDO GUILLEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 174th District Court
Harris County, Texas
Trial Court Case No. 1321750

## MEMORANDUM OPINION

Abelardo Guillen appeals a judgment convicting him of possession of marijuana in a usable quantity of more than four ounces and less than five pounds, a state jail felony offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121

(West 2010). A jury found Guillen guilty, and the trial judge sentenced him to six years' confinement, probated for six years. In three points of error, Guillen contends that the evidence is legally insufficient to support his conviction, that the trial court abused its discretion in admitting hearsay, and that the trial court erred in sending an excerpt of trial testimony to the jury during its deliberations. We affirm.

## Background

On September 28, 2011, police executed a search warrant at 926 42nd Street in Houston. After no one answered the door, officers entered the home and found Guillen sitting on the couch in the living room. The officers immediately detected a strong odor of marijuana. Police ordered Guillen and Caesar Sandoval, who came from the back hallway of the house, to the floor, handcuffed them, and escorted them outside. In one of the home's two bedrooms, police discovered a tent-like structure that concealed lighting, fans, soil, and other equipment used to grow marijuana plants. They also found fertilizer pellets in the laundry room. In the living room, officers found a small quantity of cocaine inside the coffee table, two marijuana gardening magazines and a digital scale on top of the coffee table, and a jar of marijuana packaged for sale on the television console. They also found a suitcase near the couch containing miscellaneous paperwork with

Guillen's name on it.  Throughout the house, police recovered loose marijuana and a large number of plastic sandwich bags.

At trial, Officer John-Louis, the lead investigator in the case, testified for the State.  On direct examination, he testified that after detaining Guillen and Sandoval, the police determined that they were renting the home.  His subsequent attempt to explain why he did not take any fingerprints in the house drew a hearsay objection from Guillen's counsel, which was sustained.  The State rephrased the question and Officer John-Louis said:

> After gathering further information involving the investigation, we gathered enough intel, intelligence, to determine that both parties had been occupants of the house for several weeks.

Defense counsel objected, and the trial court overruled the objection.  After the case was submitted, the jury sent a note to the trial judge requesting this excerpt of John-Louis's testimony.  The trial court informed the jurors that they must indicate a dispute before the court could provide the excerpt. The foreman then filled in the form provided to him by the trial court.  Next to the pre-printed words "STATEMENT IN DISPUTE," the foreman wrote "The amount of time the defendant was stated to be in the house."  The trial court provided the jury with Officer John-Louis's testimony that Guillen had been occupying the house for several weeks.

**Sufficiency of the Evidence**

In his first point of error, Guillen contends that the evidence is legally insufficient to support his conviction and that the trial court erred in denying his motion for directed verdict. He argues that no evidence links him to the home, and that the presence of Sandoval, who admitted exercising control of the premises, demonstrates that Guillen did not have care, custody, or control of the marijuana found in the house.

**A. Standard of Review**

Evidence is insufficient to support a conviction if, considering all record evidence in the light most favorable to the verdict, a factfinder could not have rationally found that each essential element of the charged offense was proven beyond a reasonable doubt. *Gonzalez v. State*, 337 S.W.3d 473, 478 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)).

Evidence is insufficient under this standard in four circumstances: (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere "modicum" of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; and (4) the acts alleged do not constitute the criminal offense charged. *Gonzalez*, 337 S.W.3d at 479. If an appellate court concludes that the evidence is insufficient under this

standard, it must reverse the judgment and enter an order of acquittal. *Gonzalez*, 337 S.W.3d at 479 (citing *Tibbs v. Florida*, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218 (1982)).

We determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence viewed in the light most favorable to the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S.Ct. at 2793; *Clayton*, 235 S.W.3d at 778. We likewise defer to the factfinder's evaluation of the credibility of the evidence and the weight to give the evidence. *Gonzalez*, 337 S.W.3d at 479 (citing *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)). The reviewing court must also "consider all evidence which the jury was permitted, whether rightly or wrongly, to consider." *Thomas v. State*, 753 S.W.2d 688, 695 (Tex. Crim. App. 1988) (en banc) (emphasis omitted). If a portion of this evidence was erroneously admitted, the accused may complain on appeal of such error, and a new trial should be ordered if the error is reversible. *Id.*

## B. Applicable Law

To prove unlawful possession of a controlled substance, the State must prove beyond a reasonable doubt that the defendant exercised control, management, or care over the substance and that he knew the matter possessed was contraband. *See Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Regardless of whether the evidence is direct or circumstantial, it must establish that a defendant's connection to the contraband was more than fortuitous. *Id.* at 405–06. This "affirmative links rule is designed to protect the innocent bystander from conviction based solely upon his fortuitous proximity to someone else's drugs." *Id.* at 406 (internal quotation marks omitted). Thus, "[w]hen the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband." *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. [Panel Op.] 1981) (citing *Wiersing v. State*, 571 S.W.2d 188, 190 (Tex. Crim. App. 1978)).

Though not an exhaustive list, the Court of Criminal Appeals has recognized the following affirmative links:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotics; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant

possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006); *see also Gilbert v. State*, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). It is not the number of links that is dispositive, but rather, the logical force of all the evidence, both direct and circumstantial. *Evans*, 202 S.W.3d at 162.

## C. Analysis

Here, there is evidence of several links between Guillen and the marijuana. Guillen was present at the scene, sitting on the couch in the living room, when the police executed the search warrant. And, Guillen was in close proximity to marijuana, cocaine, and drug paraphernalia when the officers arrived. The officers found a small amount of cocaine in the coffee table in front of Guillen, two marijuana gardening magazines and a digital scale on top of the coffee table, and a jar of marijuana on the television console. The marijuana and some paraphernalia were in plain view and accessible to Guillen. There was also marijuana-growing equipment of substantial size in both bedrooms as well as loose marijuana and a strong odor of marijuana throughout the residence. Finally, although Guillen was

not in exclusive possession of the house, there was evidence that both Guillen and Sandoval rented the house. Although Guillen argues that his access to some rooms of the house was restricted, no evidence supports this contention.

Guillen argues that the fact that he had a suitcase nearby undercuts a finding that he possessed the marijuana because it shows that he was merely an innocent visitor, not a resident. While the presence of the suitcase next to Guillen could support an inference that Guillen was merely visiting or had been away, the above-recited conflicting evidence supports the jury's conclusion that Guillen exercised control, management, and care over the marijuana. We must presume that the factfinder resolved the conflicts in favor of the verdict and defer to that resolution. *See Jackson*, 443 U.S. at 326, 99 S.Ct. 2793; *Clayton*, 235 S.W.3d at 778.

Considering all of the evidence in the light most favorable to the verdict, we conclude that sufficient affirmative links connect Guillen to the marijuana. Accordingly, we hold that a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *See Olivarez v. State*, 171 S.W.3d 283, 291–92 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (evidence sufficient to support judgment where appellant was present in home with large quantity of marijuana and supplies for packing and weighing marijuana in plain view, strong odor of marijuana emanated throughout house, and appellant demonstrated consciousness of guilt); *Gregory v. State*, 159 S.W.3d 254, 257–60

(Tex. App.—Beaumont 2005, pet. ref'd) (evidence sufficient where appellant was present by front door with contraband in plain view while other defendant was in back of house, officers detected odor of marijuana, and officers found a large amount of contraband and drug paraphernalia).

We overrule Guillen's first issue.

## Hearsay

In his second issue, Guillen contends that the trial court abused its discretion in admitting the hearsay testimony of Officer John-Louis to the effect that he did not take fingerprints because, based on "intelligence," he had determined that "both parties had been occupants of the house for several weeks."

### A. Standard of Review

We review a trial court's decision to admit evidence under an abuse of discretion standard. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). We will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).

### B. Applicable Law

The Texas Rules of Evidence prohibit the admission of hearsay evidence except as provided by statute or other rules prescribed pursuant to statutory authority. *See* TEX. R. EVID. 802. "'Hearsay' is a statement, other than one made

by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Id.* 801(d).

"It is well settled that an out-of-court 'statement' need not be directly quoted in order to run afoul of the hearsay rules." *Head v. State*, 4 S.W.3d 258, 261 (Tex. Crim. App. 1999) (citing *Schaffer v. State*, 777 S.W.2d 111, 114 (Tex. Crim. App. 1989)). Rather, "where there is an inescapable conclusion that a piece of evidence is being offered to prove statements made outside the courtroom, a party may not circumvent the hearsay prohibition through artful questioning designed to elicit hearsay indirectly." *Schaffer*, 777 S.W.2d at 114. A limited exception enables testifying officers to place their investigative actions in context. *Id.* at 114; *see also Poindexter*, 153 S.W.3d at 408 n.21 ("[T]estimony by an officer that he . . . performed a certain act in response to generalized 'information received' is normally not considered hearsay because the witness should be allowed to give some explanation of his behavior.").

Even if a trial court erroneously admits hearsay, under Texas Rule of Appellate Procedure 44.2(b), the error must be disregarded "unless it affects the defendant's substantial rights." *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011); TEX. R. APP. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). The Rule 44.2(b) harm standard is whether the error in admitting the evidence "had a

substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253 (1946)).

## C. Analysis

Guillen asserts that John-Louis's testimony to the effect that "intelligence" showed that "both parties had been occupants of the house for several weeks" is classic hearsay that should not have been admitted. He argues the erroneous admission of this testimony harmed him because it demonstrated his right to possess the home, an affirmative link supporting his knowing possession. Citing *Schaffer*, Guillen contends that this statement was unresponsive to the State's question—Did you see who was present in the house?—and impermissibly circumvented the hearsay prohibition. The State responds that Officer John-Louis's statement was not offered for the truth of the matter asserted, but rather to rebut Guillen's suggestion that Officer John-Louis failed to take fingerprints because he conducted a shoddy investigation. We need not decide whether the trial court erred in admitting this testimony because we conclude that the error, if any, was harmless.

The improper admission of evidence is harmless if the same or similar evidence is admitted without objection at another point in the trial. *See Leday v. State*, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998). Here, Guillen did not object

to Officer John-Louis's earlier testimony on direct that "through questioning the suspects . . . we determined that they were renting the home." This earlier testimony does not expressly state the length of time Guillen had rented or occupied the home, but that fact is less important than the bare fact that Guillen was a renter with a right of possession. And that fact was established by Officer John-Louis's earlier, unchallenged testimony. We conclude that the import of both statements was that they signified Guillen had a right to possess the house in which the drugs were found. Accordingly, we hold the earlier unobjected-to statement was sufficiently similar to the challenged statement so as to render harmless any error in admitting the latter. *See Lozano v. State*, 359 S.W.3d 790, 823–24 (Tex. App.—Fort Worth 2012, pet. ref'd) (holding trial court did not abuse its discretion by overruling appellant's objections because officer's testimony that he eliminated suspect after interviewing witnesses "was essentially cumulative of [officer's] prior unchallenged testimony" that witnesses confirmed eliminated-suspect's alibi and appellant did not argue two statements had substantially different meanings); *Smith v. State*, 236 S.W.3d 282, 300–01 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding harmless error in erroneous admission of officer's hearsay testimony, where second officer's identical statement was properly admitted into evidence).

Moreover, any error in admitting John-Louis's statement was harmless in light of all of the other evidence of guilt in the record. Guillen was present when officers arrived, the house smelled of marijuana, the contraband and paraphernalia were in plain view and accessible to Guillen, and, according to John-Louis's earlier unchallenged testimony, Guillen admitted he had a right to possession. Accordingly, we conclude beyond a reasonable doubt that evidence of the additional fact that Guillen had rented and occupied the house "for several weeks" did not move the jury from a state of non-persuasion to one of persuasion on the issue of knowing possession. *See Davis v. State*, 203 S.W.3d 845, 853 (Tex. Crim. App. 2006) (appellate court must determine whether erroneous admission of inadmissible hearsay "moved the jury from a state of non-persuasion to one of persuasion of a particular issue"); *see also Miles v. State*, No. 01-08-00860-CR, 2009 WL 4358959, at *4–5 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (holding error in admitting hearsay evidence in possession of controlled substance case did not move jury from state of non-persuasion to one of persuasion because hearsay evidence was cumulative and similar evidence was previously admitted and not objected to).

We overrule Guillen's second point of error.

**Jury Deliberations**

In his third point of error, Guillen asserts that the trial court abused its discretion by providing the deliberating jury with an excerpt of Officer John-Louis's testimony that "both occupants had been in the house for several weeks" because the jury's note requesting the testimony did not indicate disagreement as required by Texas Code of Criminal Procedure article 36.28.

## A. Standard of Review and Applicable Law

Texas Code of Criminal Procedure article 36.28 provides "if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other." TEX. CODE CRIM. PROC. ANN. art. 36.28 (West 2010). When the jury asks for testimony to be read back, the trial court must first determine whether the jury's inquiry is proper. *Brown v. State*, 870 S.W.2d 53, 55 (Tex. Crim. App. 1994).

"A simple request for testimony does not, by itself, reflect disagreement, implicit or express" and is not a proper request under article 36.28. *Howell v. State*, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005). But a trial court may infer a disagreement if there is some basis "other than mere speculation" to support the court's finding. *Id.* at 792; *see also Robison v. State*, 888 S.W.2d 473, 481 (Tex.

Crim. App. 1994) (en banc). We review the trial court's conclusion as to whether there is a disagreement for an abuse of discretion. *Howell*, 175 S.W.3d at 790.

**B. Analysis**

During deliberations, the jury foreman sent a note to the trial judge requesting "Prosecution and Defense questions and testimony relating to Officer John-Louis related to the amount of time the defendant was in the house." The judge responded by sending the jury a form instructing them: "if the jury disagree as to the statement of any witness, they may, upon application to the Court, have read to them from the court reporter's notes that part of a witness's testimony on the particular part in dispute, and no other." The form further instructed the jury to "notify the Court in writing of the particular part [or] parts of any witness' testimony which is in dispute and which part of it you desire read to you." The form also contained blanks to be completed by the presiding juror. In the blank in which the presiding juror was to identify the "STATEMENT IN DISPUTE," he wrote "The amount of time the defendant was stated to be in the house." After receiving the completed form from the jury, the trial court provided the jury with a written transcription of the requested testimony.

We hold that the form as completed by the jury supports the trial court's conclusion that the jury disagreed about John-Louis's testimony regarding the length of time Guillen was in the house. Accordingly, we hold that the trial court

did not abuse its discretion in providing the testimony to the jury over Guillen's objection. *See Rodriguez v. State*, 995 S.W.2d 876, 878 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (holding no error in read-back of testimony after trial court sent instructions and form to jury to determine if dispute existed over testimony and jury answered that testimony was in dispute); *cf. Degraff v. State*, 962 S.W.2d 596, 599 (Tex. Crim. App. 1998) (holding that trial judge's statement "I have taken your note as meaning that you are in disagreement" evidenced abuse of discretion in finding disagreement after jurors submitted simple request for testimony).

Accordingly, we overrule Guillen's third point of error.

## Conclusion

We affirm the judgment of the trial court.


Rebeca Huddle
Justice


Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).