OPINION



No. 04- 05-00437-CR


Adrian Oscar MARTINEZ,

Appellant
v.
THE STATE OF TEXAS,

Appellee
From the 399th Judicial District Court, Bexar County, Texas 

Trial Court No. 2004-CR-8531

Honorable Pat Priest , Judge Presiding


Opinion by: Sandee Bryan Marion , Justice

 

Sitting: Sandee Bryan Marion , Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice 



Delivered and Filed: October 25, 2006



AFFIRMED



 A jury found defendant, Adrian Oscar Martinez, guilty of aggravated robbery and assessed punishment at fifteen years'
confinement and a $10,000 fine. In a single issue on appeal, defendant asserts the trial court erred by having more
testimony read back than was necessary to resolve a dispute among the jurors. We conclude the trial court did not err in
reading the testimony to the jury and, therefore, we affirm.

BACKGROUND

 During jury deliberations, the jury requested additional information regarding the testimony of the victim Anna-Lisa
Esquivel. In a single note, the jury requested: (1) the transcript of Anna-Lisa's testimony in which she identified the
defendant, and (2) the time frame between the occurrence of the crime and the time of identification of the defendant. In
response to the jury's request, the court properly prepared a supplemental charge tracking the language found in article 36.28
of the Texas Code of Criminal Procedure, which provides that "if the jury disagree as to the statement of any witness they
may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the
particular point in dispute, and no other." Tex. Code Crim. Proc. Ann. art. 36.28 (Vernon 2005). Following the trial court's
supplemental charge, the jury sent a second note, which stated: "We are in disagreement as to the testimony of Anna-Lisa
Esquivel concerning her description of the perpetrator to the police. We would like to see the specific physical description
she gave during her testimony in court of the person who stole her phone." (Emphasis added.)

 Over defendant's objection, the trial court instructed the court reporter to read the following portions of Anna-Lisa's
testimony:

Direct examination of Anna-Lisa Esquivel



 Q. And approximately how old was the male in your opinion?

 A. Twenty.

 . . .

 Q. If you would, tell us the person that you have identified in court today, the Defendant Adrian Martinez, tell us, if you
would, what he looked like that day, the description of him. (Emphasis added.)

 A. He had his hair slicked back and he had a goatee and a moustache and a little beard right here and was wearing an over
shirt and an undershirt and pants.

 Q. And when you say an over shirt and undershirt, what type of over shirt was he wearing?

 A. A button down shirt.

 Q. Okay. And do you recall the color of his button down shirt?

 A. No.

 Q. Okay. And a muscle T is what some people call a white tank top. Is that correct?

 A. That's correct.

 Q. Where it shows his arms. Is that what a tank top is to you, a white muscle T?

 A. Yes.

 . . . 

 Q. Did you or did you not previously tell the jury what the Defendant was wearing when he was standing less than a foot
outside of the driver's side of your door?

 A. I did.

 Q. Okay. What did you previously tell the jury that he was wearing?

 A. An opened over shirt, a button up shirt with a shirt underneath it.

 Q. And you said it was open. Is that what you just told us?

 A. It was not-it was not buttoned-it was a button up shirt but it was not completely buttoned down.

 Q. And what was he wearing underneath the button down shirt that wasn't buttoned completely to the top?

 A. A tank top.

 Q. And what color was that tank top?

 A. White.

 Q. And were you able to see that white tank top underneath this over shirt that he had buttoned not all the way up to the
top?

 A. Yes.

 Q. And is that what you have previously told this jury when I had asked you what was he wearing at the scene?

 A. Yes.



Cross-examination of Anna-Lisa Esquivel



 Q. Now, in your statement-you do not at any point in your statement describe the shirt or shirts that were worn by the
person that committed this robbery against you, the male. Do you describe his shirts in terms of color or style or anything
like that. (Emphasis added.)

 A. No.

 . . . 

 Q. And when you provide a description of the perpetrator of this robbery in your written statement, you don't say anything
about a muscle shirt or a tank top. Is that correct? (Emphasis added.)

 A. That's correct.



Re-direct examination of Anna-Lisa Esquivel



 Q. During the entire time the Defendant was standing outside of your driver's side door, was there anything blocking your
view from him?

 A. No.

 Q. Was he wearing any type of mask?

 A. No.

 Q. Was he wearing a bandana over his face?

 A. No.

 Q. Was he wearing a ball cap, any type of hat or hood or anything to mask his identity?

 A. No.

 . . .

 Q. And specifically, did you tell the police in your statement about any facial hair that the Defendant had? (Emphasis
added.)

 A. Yes.

 Q. Okay. And what did you tell him?

 A. I told the detective that he had a goatee and moustache. And his-his hair was slicked back.

DISCUSSION

 When the jury asks the trial court to have a witness's testimony read back, the trial court must first determine whether the
jury's inquiry is proper under Texas Code of Criminal Procedure article 36.28. Brown v. State, 870 S.W.2d 53, 55 (Tex.
Crim. App. 1994). Article 36.28 requires a disagreement among the jurors as to the testimony of a witness before the
witness's testimony can be read back to the jury. Robison v. State, 888 S.W.2d 473, 480 (Tex. Crim. App. 1994). Once the
determination has been made that the jury's request is proper, the trial court must then interpret the jury's communication,
decide what portions of the testimony will best answer the inquiry, and limit the reading of the testimony accordingly.
Brown, 870 S.W.2d at 55. We do not disturb the trial court's decision without a showing of a clear abuse of discretion and a
showing of harm. Id. An abuse of discretion arises when the trial court's "decision is so clearly wrong as to lie outside the
zone within which reasonable persons might disagree." Howell v. State, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005). 
Once the decision has been made to have certain testimony read back to the jury, the trial court must balance two competing
concerns: the first is that the trial court avoid commenting on the weight of the evidence, and the second is that the jurors
are supplied the means necessary to resolve any factual disputes they may have. Robison, 888 S.W.2d at 480. If the trial
court reads too little or too much testimony it may serve to bolster the State's case and result in an abuse of discretion. See
Jones v. State, 706 S.W.2d 664, 668 (Tex. Crim. App. 1986) (reading too little testimony back to the jury); Pugh v. State,
376 S.W.2d 760, 762 (Tex. Crim. App. 1964) (reading too much testimony back to the jury). However, the trial court does
not abuse its discretion when the testimony read back to the jury provides the context for the testimony in dispute. See
Brown, 870 S.W.2d at 56. Here, defendant contends the trial court abused its discretion by reading testimony that exceeded
the scope of the jury's request. In particular, defendant asserts the trial court erred by reading Anna-Lisa's in-court
recollection of the description of the defendant instead of only reading her testimony regarding the description she gave to
the police. We disagree with defendant's argument. 

 The jury indicated there was a dispute as to Anna-Lisa's testimony "concerning her description of the perpetrator to the
police." But, in the same note, the jury requested "the specific physical description she gave during her testimony in court
of the person who stole her phone." We believe the portion of the testimony complained of by defendant provided context
for the disputed testimony. In addition to context, we believe it provided the jury with the means necessary to resolve any
factual disputes without amounting to a comment on the evidence by the trial court. Accordingly, we do not believe the
trial court's "decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree." 
Howell, 175 S.W.3d at 790. Therefore, we conclude that the trial court did not err in including Anna-Lisa's in-court
recollection of the defendant in the testimony that was read to the jury. CONCLUSION 

 We overrule defendant's issue on appeal and affirm the trial court's judgment.



 Sandee Bryan Marion, Justice

DO NOT PUBLISH